**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Otis W. FELLOWS, III Defendant–**
**Appellant.**

No. 97–30320.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1998.

Decided Oct. 15, 1998.

Michael Filipovic, Assistant Federal Public Defender, Seattle, Washington, for defendant-appellant.

Helen J. Brunner, Assistant United States Attorney, Seattle, Washington, for plaintiff-appellee.

Before: WRIGHT, SCHROEDER, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

Otis Warner Fellows, III pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). After enhancing Fellows' sentence and denying a downward adjustment for acceptance of responsibility, the district court sentenced Fellows to 57 months of imprisonment to be followed by a three-year term of supervised release. Fellows appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## FACTS

In 1992, Otis Fellows began his descent into the sordid world of child pornography. His legal troubles started when he purchased two child pornography video tapes from an undercover postal inspector. Following his arrest, Fellows pled guilty to Receiving Child Pornography Through the Mails as well as Use of the Mails for Unmailable Materials. The court sentenced him to five years probation and six months of home detention. Unfortunately, this initial brush with the law did not sate Fellows' aberrant desires.

Sometime in 1993, Fellows molested a thirteen-year-old boy. In June of 1996, he was charged in state court with second-degree rape of a child. Approximately one year later, Fellows pled guilty to second-degree child molestation and was sentenced to twenty-four months in prison. After being charged, but prior to entering his plea, Fellows made contact via the Internet with what he believed to be a fifteen-year-old male.[1] The two made arrangements to meet in public. Unbeknownst to Fellows, the Mercer Island Police Department dispatched a female officer in the minor's stead. When Fellows approached the decoy, the police arrested him for communicating with a minor for immoral purposes.

Following this arrest, the police obtained search warrants for Fellows' home and computer. The search of Fellows' computer resulted in the seizure of child pornography, specifically twenty visual depictions of young boys engaged in sexually explicit conduct, including one of a prepubescent boy. Each image was stored in a separate graphics file within Fellows' computer. He was charged with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

## PROCEEDINGS BELOW

After being sentenced to two years in prison by the state court on the child molestation charge, Fellows was brought to federal court by writ of habeas corpus ad prosequendum. On July 21, 1997, he pled guilty to possession of child pornography. The government also filed a petition to revoke Fellows' probation

---

1. This individual was, in reality, the mother of the boy Fellows had molested in 1993.

on the earlier receipt of child pornography charge. Fellows admitted to two violations referenced in that petition (his state court conviction for child molestation and possession of child pornography in his computer) and admitted to the conduct underlying the other alleged violation (his communication via the Internet with the minor).

After his plea, the government and the defendant filed sentencing memoranda. The defendant included a brief letter to the district court with his memorandum. In the letter, Fellows expressed remorse for his actions: "I am sorry about the harm I caused to [the molestation victim], to his family and to my family.... I am also sorry that I broke the trust you placed in me by putting me on probation."

As all of the parties agreed, the base offense level for a violation of 18 U.S.C. § 2252(a)(4) is 15. *See* U.S.S.G. § 2G2.4(a). At the sentencing hearing on October 3, 1997, the district court determined that several specific offense characteristic adjustments applied in this case. First, the court imposed a two-level enhancement under U.S.S.G. § 2G2.4(b)(1) because one of the images was of a prepubescent minor. Second, the court imposed a two-level enhancement under U.S.S.G. § 2G2.4(b)(2) because the defendant possessed more than ten "items" (*i.e.,* graphics files) containing visual depictions of minors engaged in sexually explicit conduct. Finally, the court imposed a two-level enhancement under U.S.S.G. § 2G2.4(b)(3) because Fellows used a computer to obtain the child pornography. These enhancements resulted in a total offense level of 21. The district court then denied the defendant a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. In doing so, the court emphasized its belief that Fellows had not sufficiently expressed remorse and that his letter was merely "an effort to manipulate the system and say only as absolutely much as he thinks he needs to in order to gain acceptance" rather than an actual acceptance of responsibility for his criminal actions.

Based upon a criminal history category of III and an offense level of 21, the applicable guideline range for Fellows' sentence was 46 to 57 months. The district court imposed a 57–month sentence of imprisonment and a

three-year term of supervised release. One of the conditions of supervised release was that Fellows "follow all other lifestyle restrictions or treatment requirements" imposed by his therapist. The court also revoked the probation given Fellows for his earlier crime of receipt of child pornography and imposed an 18–month sentence on that charge.

Fellows now appeals the district court's sentencing decisions.

## DISCUSSION

I. *Two-level Enhancement Under U.S.S.G. § 2G2.4(b)(2)*

A. *Standard of Review*

■ This court reviews the district court's interpretation and application of the Sentencing Guidelines de novo. *See United States v. Newland,* 116 F.3d 400, 402 (9th Cir.1997).

B. *Analysis*

■ The first issue in this appeal concerns the district court's two-level enhancement under U.S.S.G. § 2G2.4(b)(2) for the defendant's possession of ten or more items containing a visual depiction of child pornography. Specifically, the court concluded that a graphics file in a computer counts as an "item" under U.S.S.G. § 2G2.4(b)(2). Fellows argues that the court's ruling contravenes the plain meaning of the guideline. We disagree and affirm the district court's enhancement of Fellows' sentence.

■ U.S.S.G § 2G2.4(b)(2) provides for a two-level enhancement "[i]f the offense involved possessing ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor." U.S.S.G. § 2G2.4(b)(2). This court applies the rules of statutory construction when interpreting the Sentencing Guidelines. *See United States v. Robinson,* 94 F.3d 1325, 1328 (9th Cir.1996). Thus, if the language of the guideline is unambiguous, the plain meaning controls. *Id.* Ultimately, the goal is to ascertain the intent of the drafters. *See United States v. Butler,* 74 F.3d 916, 922 (9th Cir.1996).

■ U.S.S.G. § 2G2.4(b)(2) applies where a defendant possesses at least ten "items" containing "a visual depiction." The clear focus of this section is on the number of items possessed by the defendant that contain *at least one* visual depiction of child pornography. The focus is not, as Fellows seems to suggest, on the number of visual depictions that an item may contain. Thus, a book or magazine with only one illicit photograph qualifies as an "item" under U.S.S.G. § 2G2.4(b)(2). The commonality between the "items" specifically enumerated in the section is that they are all discrete containers for visual depictions capable of being separately manipulated and distributed.

The closest cousin to "books, magazines, periodicals, films, [or] video tapes" in the computer is a computer file. Visual depictions in a computer are compiled and stored in graphics files, much like photographs are compiled and stored in books or magazines. As the district court recognized, the computer user can separately view, copy, delete, or transmit each discrete graphics file. Like the other "items" listed in the guideline section, a graphics file can store one or more visual depictions. The similarities between computer graphics files and the other "items" are manifest. Because the graphics file is the container used for compiling and storing visual depictions in a computer, it qualifies as an "item" under the plain language of U.S.S.G. § 2G2.4(b)(2).

This interpretation is in accord with that of the other circuits which have examined this issue. In *United States v. Wind*, 128 F.3d 1276 (8th Cir.1997), the Eighth Circuit con-

cluded that U.S.S.G. § 2G2.4(b)(2)'s two-level enhancement applied to a defendant who pled guilty to possessing fifteen computer files containing child-pornographic visual depictions. 128 F.3d at 1278. In doing so, the court rejected the district court's downward departure because "the amount of child pornography possessed by Wind cannot be deemed less than typical for cases to which section 2G2.4 applies." *Id.*

In *United States v. Hall*, 142 F.3d 988 (7th Cir.1998), the Seventh Circuit concluded that "computer files are the equivalent of 'items' " under U.S.S.G. § 2G2.4(b)(2). 142 F.3d at 999. In doing so, the court rejected the defendant's argument that the only "items" he possessed were the three individual disks containing the separate graphics files. *Id.* at 997–999.

Fellows' arguments are equally unconvincing.[2] First, Fellows contends that an "item" in the computer context is properly defined as a computer hard drive, not a graphics file. In support of this contention, Fellows points out that most graphics files contain only one visual depiction, while a hard drive can store many more. This argument must be rejected because U.S.S.G. § 2G2.4(b)(2) does *not* require an item to contain multiple visual depictions; one is sufficient. A computer hard drive is much more similar to a library than a book; the hard drive can store literally thousands of documents and visual depictions. Each file within the hard drive is akin to a book or magazine within that library. Thus, the files, not the hard drive, count as "items" under U.S.S.G. § 2G2.4(b)(2).

---

**2.** In addition to being unpersuasive, Fellows' proposed interpretation of Section 2G2.4(b)(2)'s use of "items" is inconsistent with his plea agreement. Fellows pled guilty to one count of knowing possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Like Section 2G2.4(b)(2)'s sentence enhancement, this statute deals with the knowing possession of the identical enumerated media ("books, magazines, periodicals, films [or] video tapes") containing sexually explicit depictions of minors as well as the possession of similar but unenumerated media ("other matter"). 18 U.S.C. § 2252(a)(4)(B). The statute criminalizes the knowing possession of three or more articles of either the enumerated or unenumerated media containing child pornography. Section 2G2.4(b)(2) merely follows this structure in providing a sentence enhance-

ment for the possession of a larger quantity of articles of either the enumerated media or unenumerated media containing child pornography and merely substitutes "items" for the category of similar but unenumerated media. As part of Fellows' plea agreement, he pled guilty to knowing possession of "three or more graphics files containing child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(b)." Because graphics files are not one of the enumerated media, Fellows clearly considered them "other matter." Section 2G2.4(b)(2)'s "items" are merely the sentence enhancement's equivalent of these "other matter." Therefore Fellows' complaint regarding the application of Section 2G2.4(b)(2) seems particularly unavailing.

Second, Fellows argues that the addition of U.S.S.G. § 2G2.4(b)(3) indicates that graphics files were not intended to qualify as "items." U.S.S.G. § 2G2.4(b)(3) provides for a two-level enhancement "[i]f the defendant's possession of the material resulted from the defendant's use of a computer." This section punishes defendants for using a particularly insidious method of acquiring child pornography. The Internet has become a common means of transmitting obscene and illicit material. In addition, it is difficult to detect and prevent this traffic in cyberspace. U.S.S.G. § 2G2.4(b)(3) provides an extra deterrent to those inclined to pursue illicit pictures in the anonymity of the computer world. Unlike U.S.S.G. § 2G2.4(b)(2), the section does not address the *quantity* of child-pornographic visual depictions possessed by the defendant. Fellows offers no evidence that the drafters intended § 2G2.4(b)(3) to alter the plain meaning of § 2G2.4(b)(2). Thus, his argument must be rejected.

Finally, Fellows points this court to the recent decision in *United States v. McBroom*, 124 F.3d 533 (3rd Cir.1997). In *McBroom*, the Third Circuit simply noted in a footnote that the district court did not apply a two-level enhancement under U.S.S.G. § 2G2.4(b)(2) despite the defendant's possession of ten to twenty computer graphics files, each containing one image of child pornography. *Id.* at 537 n. 3 (stating that the district court found that the section "did not provide guidance on how to count images in computer files"). The Third Circuit did not engage in any relevant analysis because the issue was not before the court on appeal. Consequently, the case is inapposite for our purposes.

In sum, the plain meaning of U.S.S.G. § 2G2.4(b)(2) is clear: a two-level enhancement is appropriate where the defendant possesses ten or more computer graphics files containing a visual depiction of child pornography. Because Fellows possessed twenty such files, the district court did not err in imposing the two-level enhancement.

## II. *Acceptance of Responsibility*

### A. *Standard of Review*

A district court's decision to adjust a defendant's sentence based on accep-

tance of responsibility is a factual determination reviewed for clear error. *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir.1997). In reviewing a district court's determination as to a defendant's acceptance of responsibility, we must afford the district court "great deference" because of its "unique position to evaluate a defendant's acceptance of responsibility." *United States v. Casterline*, 103 F.3d 76, 79 (9th Cir.1996); U.S.S.G. § 3E1.1, Application Note 5.

### B. *Acceptance of Responsibility*

The district court denied Fellows a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The court questioned the sincerity of Fellows' letter of remorse submitted prior to the sentencing hearing. Fellows argues that he is entitled to the reduction because he presented uncontroverted "significant evidence" that he accepted responsibility. We disagree and affirm the district court's denial of the downward adjustment.

Under U.S.S.G. § 3E1.1(a), a defendant is entitled to a two-level downward adjustment if he "*clearly* demonstrates acceptance of responsibility for his offense." (emphasis added) The application notes provide for three pieces of evidence which are "significant evidence" to establish "acceptance of responsibility": (1) plea of guilty before trial; (2) truthful admission of the elements of the offense; (3) truthful admission, or at least no false denial, of "relevant conduct." U.S.S.G. § 3E1.1, App. Note 3.

A defendant who enters a guilty plea, however, is not entitled to such an adjustment as a "matter of right." *Id.* Although pleading guilty and truthfully admitting the elements of the offense and other relevant conduct are "significant evidence of acceptance of responsibility," this evidence may be outweighed by conduct "inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, App. Note 3.; *United States v. Vance*, 62 F.3d 1152, 1159 (9th Cir.1995). One example of such inconsistent conduct which weighs against a finding of acceptance of responsibility is a "failure to demonstrate contrition and remorse." *Unit-*

*ed States v. Connelly,* 156 F.3d 978, 982, slip op. 11107, 11114 (9th Cir.1998).

It is undisputed that Fellows established these three pieces of evidence under Application Note 3. Thus, he provided significant evidence to establish acceptance of responsibility. There was, however, significant evidence that he did not *clearly* demonstrate acceptance of responsibility for his offense. His presentence report portrayed him as unwilling to accept responsibility for his conduct and he did nothing to show the district court anything to the contrary. *United States v. Casterline,* 103 F.3d at 79.

Judge Zilly also was acutely aware of Fellows' dubious credibility since Fellows had asked Judge Zilly for leniency in his earlier conviction for Receiving Child Pornography. In his plea for leniency, Fellows claimed that:

> This incident is totally out of character for me and I am taking steps to find out why I would attempt to even buy such material.... In reality I could never imagine me molesting children, I could never commit an act such as this, I would rather go to war for my country than molest a child of any age.

Judge Zilly apparently believed Fellows in sentencing Fellows for the earlier conviction because he departed downward from the Sentencing Guidelines and sentenced Fellows to five years of probation. One year into his probation, however, Fellows sexually molested a 13–year old boy. While awaiting trial for the molestation charge, Fellows made contact with what he believed was a fifteen-year-old boy for sexual purposes. Fellows was arrested and the police subsequently seized his computer and his collection of child pornography. In his guilty plea in the King County Superior Court for the child molestation offense, which occurred *after* the police had seized his computer and the child-pornographic graphics files (though before he was charged with his federal crimes), Fellows stated that "*I do not admit guilt,* but believe after reviewing the police reports with my attorney, that there is a substantial likelihood I would be found guilty after trial before a judge or a jury, and wish to plead guilty to take advantage of the prosecutor's recommendation." (emphasis added)

Under the circumstances, it is hardly surprising that Judge Zilly looked for affirmative evidence of Fellows' acceptance of responsibility. Fellows' late and very limited letter to the judge is "something, but not much." *United States v. Vance,* 62 F.3d at 1160. The district court judge was therefore within his discretion in deciding that Fellows had not clearly manifested acceptance of responsibility for his offense.

### III. *Supervised Release Condition*

#### A. *Standard of Review*

■■■ This court reviews for abuse of discretion a district court's decision to impose a condition of supervised release. *See United States v. Johnson,* 998 F.2d 696, 697 (9th Cir.1993).

#### B. *Analysis*

■■■ As part of Fellows' sentence, the district court ordered the defendant to serve a three-year term of supervised release. The court imposed several supervised release conditions, including a requirement that the defendant participate in a sexual offender treatment program. Fellows challenges only one of these conditions of supervised release which requires the defendant to "follow all other lifestyle restrictions or treatment requirements imposed by defendant's therapist." Fellows argues that the condition is too broad and improperly delegates judicial authority. We disagree and affirm the challenged supervised release condition.

The district court has authority to set conditions of supervised release under 18 U.S.C. § 3583(d). That section sets out mandatory conditions, and then states that a court may impose additional supervised release conditions that meet certain criteria. First, they must be reasonably related to the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). These factors are: consideration of "the nature and circumstance of the offense and the history and characteristics of the defendant;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed [training], medical care, or other correctional

treatment in the most effective manner." Second, the conditions must involve no greater deprivation of liberty than is reasonably necessary for the latter three purposes. Finally, the conditions must be consistent with pertinent policy statements of the Sentencing Commission. *See generally United States v. Eyler*, 67 F.3d 1386, 1393 (9th Cir.1995) (outlining the statutory criteria for additional supervised release conditions).

A condition that Fellows "follow all other lifestyle restrictions or treatment requirements imposed by [his] therapist" meets these statutory criteria. Fellows is a dangerous pedophile with a history of impulsive behavior. While on probation for receiving child pornography, he molested a young boy. After being charged with that crime, he continued to solicit minors and possess child pornography. Fellows concedes that requiring him to participate in a sexual offender treatment program is a valid condition. The challenged condition simply requires Fellows to comply fully with that program.

Given Fellows' sordid history and the need to protect the public from his crimes, the requirement that he follow "lifestyle restrictions or treatment requirements" imposed by his therapist is eminently reasonable. *See* 18 U.S.C. § 3583(d)(1). The condition also maximizes the potential that treatment will benefit Fellows. Moreover, the condition involves no greater deprivation of liberty than is reasonably necessary to protect the public and provide Fellows with much-needed treatment. *See* § 3583(d)(2). The therapist is in the best position to know what lifestyle restrictions are necessary to enhance his treatment and reduce the likelihood that he will re-offend. Unless he is required to comply with those restrictions, he will not receive the full benefit of the treatment program. Finally, Fellows does not suggest that the condition is inconsistent with pertinent policy statements of the Sentencing Commission. *See* § 3583(d)(3). Thus, the condition satisfies the requirements of 18 U.S.C. § 3583(d) and was properly imposed.

Fellows' argument that the district court improperly delegated its authority to impose conditions of supervised release is misplaced. The court properly ordered Fellows to attend a sexual offender treatment program. With the challenged condition, the court simply ordered Fellows to comply fully with that program. The court cannot be expected to design and implement the particularities of a treatment program. That the court allowed a therapist to do so does not mean the court delegated its authority to impose conditions of release. The cases upon which Fellows relies to the contrary are inapposite because they involve a court delegating the determination of restitution amounts, a calculus required to be made by the district court under federal law. *See, e.g., United States v. Johnson*, 48 F.3d 806, 808–09 (4th Cir.1995). The district court was therefore within its discretion in imposing the challenged condition of supervised release.

## CONCLUSION

The district court properly interpreted the sentence enhancement provision of the Sentencing Guidelines. The court's denial of the adjustment for acceptance of responsibility was not clearly erroneous. The court did not abuse its discretion by imposing the challenged supervised release condition. Fellows' sentence is therefore **AFFIRMED.**