**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4473

JON STEPHAN MICHALEC,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-97-152)

Submitted: March 16, 1999

Decided: April 6, 1999

Before WIDENER and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Loretta C. Biggs,
Assistant United States Attorney, Candace M. Morton, Third Year
Law Student, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jon Stephan Michalec pled guilty to possession of videotapes containing child pornography, 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 1998), and was sentenced to a term of 30 months imprisonment. He challenges his sentence on appeal, arguing that the district court erred in finding that his computer files were "items" within the meaning of U.S. Sentencing Guidelines Manual§ 2G2.4(b)(2) (1997), and enhancing his offense level accordingly. We affirm.

Michalec ordered four videotapes of child pornography from a law enforcement agent who advertised the tapes on the Internet. On the same day, Michalec consented to a search of his personal computer. One of his hard drives had 224 files containing visual depictions of children engaged in sexual acts with adults. The files were downloaded to his computer on seventeen different days over a period of a year.

Michalec objected to the probation officer's recommendation that he receive a two-level enhancement for possession of ten or more videotapes "or other items" containing child pornography under USSG § 2G2.4(b)(2). Relying on United States v. Lacy, 119 F.3d 742 (9th Cir. 1997), cert. denied, ___ U.S. ___, 118 S. Ct. 1571 (1998), Michalec argued that he possessed only five items containing child pornography--the four tapes and his hard drive. In Lacy, however, the issue was whether the evidence was sufficient for a conviction under 18 U.S.C.A. § 2252(a)(4)(B) (West Supp. 1998), which prohibits possession of three or more books, magazines, periodicals, films, videotapes, or "other matter" containing child pornography. Lacy held that "matter" or "matters" meant the computer disks and hard drive, rather than the computer files; it did not consider the meaning of "items" under § 2G2.4(b)(2). For this reason, the district court followed United States v. Hall, 142 F.3d 988, 998-99 (7th Cir. 1998),

2

which held that "items," as used in USSG § 2G2.4(b)(2), meant individual computer files stored on the computer, and on that basis made the enhancement.

Since the parties' briefs were filed, the Ninth Circuit has followed Hall, finding that a computer file containing visual depictions of child pornography, rather than the hard drive, is an "item" within the meaning of USSG § 2G2.4(b)(2). See United States v. Fellows, 157 F.3d 1197, 1201 (9th Cir. 1998). Moreover, to the extent that Lacy provides any guidance in interpreting § 2G2.4(b)(2), it has been called into question by United States v. Vig, #6D 6D6D# F.3d ___, 1999 WL 47733, *3 (8th Cir. 1999), which rejects Lacy's interpretation of "matter" under § 2252(a)(4)(B). Consequently, we find that the district court did not err in following Hall to conclude that Michalec's individual computer files were "items" within the meaning of USSG § 2G2.4(b)(2).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3