[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20 2000
THOMAS K. KAHN
CLERK

_____

No. 99-14561

_____

D. C. Docket No. 99-00038-CR-001-WD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD GRIFFIN HARPER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 20, 2000)**

Before TJOFLAT and HULL, Circuit Judges, and PROPST[*], District Judge.

PER CURIAM:

_____

[*]Honorable Robert B. Propst, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Gerald Griffin Harper, Jr. ("Harper") appeals his sentence of 60 months' imprisonment and three years' supervised probation for possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm.

## I. BACKGROUND

Harper molested his wife's minor niece repeatedly between 1983 and 1989. Because he resided in two different counties during the perpetration, he was charged with molestation in both Ben Hill County, Georgia and Irwin County, Georgia. He was convicted in 1989 of two counts of child molesting in each county. He was paroled in 1993. While Harper was on probation, Harper's probation officer inspected Harper's home. The probation officer discovered a computer zip disk containing between 600 and 1000 pornographic pictures involving minors. Those 600 to 1000 pictures were in more than 10 different files on the computer disk. Harper subsequently pled guilty to one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

The Presentence Investigation Report ("PSI") recommended a two-level enhancement under U.S.S.G. § 2G2.4(b)(2), because Harper possessed more than ten items depicting child pornography. Harper objected, arguing that his one disk constituted only one "item." The district court adopted the PSI recommendation, and enhanced Harper's sentence by two levels, from an offense level of 16 to an offense

level of 18.  The district court also departed upward two levels based on Harper's criminal history category, taking Harper from criminal history category III to category V.  Harper objected to the upward departure.  Harper challenges the two-level enhancement and the two-level upward departure on appeal.[1]

## II.  DISCUSSION

We review *de novo* the district court's interpretation of words used in the Sentencing Guidelines.  *United States v. Wooden*, 169 F.3d 674, 675 (11th Cir. 1999).

The Sentencing Guidelines provide for a two-level enhancement if "the offense involved possessing ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor."  U.S.S.G. § 2G2.4(b)(2) (1998).  Harper argues that a computer disk is the equivalent of a book or magazine—each of which can contain dozens or hundreds of images and still be counted as only one item under § 2G2.4(b)(2).  The government argues, and the district court found, that each file on

---

[1]Because we find no merit to Harper's contention that the district court erred in finding that category III underrepresented Harper's criminal history and departing upward to category V, we affirm the district court's ruling without further discussion.  See 11th Cir. R. 36-1.

a disk is separately acquirable, accessible, and distributable; hence each file, and not the entire disk, equates with a book or magazine as in § 2G2.4(b)(2). [1]

The Ninth Circuit aptly observed, "[a] computer hard drive is much more similar to a library than a book; the hard drive can store literally thousands of documents and visual depictions. Each file within the hard drive is akin to a book or magazine within that library. Thus, the files, not the hard drive, count as 'items' under U.S.S.G. § 2G2.4(b)(2)." *United States v. Fellows,* 157 F.3d 1197, 1201 (9th Cir. 1998), *cert. denied,* 120 S. Ct. 133 (1999). All circuits to consider this issue agree that each file, rather than each disk or drive, is counted separately when tallying visual sexual depictions of a minor under § 2G2.4(b)(2). *See United States v. Michalec,* No. 98-4473, 176 F.3d 476 (4th Cir. Apr. 6, 1999) (unpublished table decision), *cert denied,* 119 S. Ct. 2058 (1999); *United States v. Demerritt,* 196 F.3d 138, 140 (2d Cir. 1999); *Fellows,* 157 F.3d at 1202; *United States v. Hall,* 142 F.3d 988, 997-999 (7th Cir. 1998).

For the reasons outlined in those decisions, we join the other circuits in holding that the separate computer files on one computer disk count as discrete "items" under § 2G2.4(b)(2). Since Harper possessed more than ten files

---

[1] The 600 to 1000 pornographic pictures were contained in more than ten electronic files and each file was separately acquired, accessible, and distributable. Thus, the only issue we must decide is whether each file on the disk is an "item."

4

containing between 600 and 1000 sexual depictions of minors, the district court did not err in enhancing Harper's sentence by two-levels pursuant to § 2G2.4(b)(2).

AFFIRMED.