UNITED STATES of America, Plaintiff–Appellee,

v.

Humphrey A. ALAMS, a/k/a Humphrey Amaobi Alabaraonye, Defendant–Appellant.

No. 00–30058.

D.C. No. CR 99–00047–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM **

██ Humphrey A. Alams appeals his 30–month sentence imposed following his guilty plea to bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Alams contends that the district court erred by denying him a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.[1]

██ We review for clear error a district court's decision to deny a reduction for

acceptance of responsibility. *United States v. Fellows,* 157 F.3d 1197, 1202 (9th Cir.1998).

Notwithstanding Alams' timely admission of guilt, we cannot say the district court clearly erred by ruling against the adjustment based on its determination that Alams had not demonstrated sincere remorse for his crime. *See id.* (stating that otherwise significant evidence of acceptance of responsibility may be outweighed by inconsistent conduct such as failure to demonstrate contrition and remorse and that the district court's decision must be afforded "great deference because of [the district court's] unique position to evaluate a defendant's acceptance of responsibility").

In addition, Alams contends pro se, for the first time on appeal, that the indictment should be dismissed and the judgment and sentence imposed should be vacated because his rights under Article 36(1)(b) of the Vienna Convention were violated. Assuming this contention is properly before us, it fails because Alams has not shown that the district court committed plain error, as it is unclear whether the treaty creates individually enforceable rights. *United States v. Lombera–Camorlinga,* 206 F.3d 882, 884–885 (9th Cir.2000) (en banc) (reserving question of whether treaty creates individually enforceable rights); *United States v. Turman,* 122 F.3d 1167, 1170 (9th Cir.1997) (stating that error is not plain when state of law is unclear).

---

1. Although the government correctly points out that Alams has completed his term of incarceration and was subsequently deported, this appeal is not moot. *See United States v. Valdez–Gonzalez,* 957 F.2d 643, 647 (9th Cir. 1992) (stating that an appeal is not moot even though the defendant had completed his term of incarceration and had been deported); *United States v. Verdin,* 243 F.3d 1174, 1176–1179 (9th Cir.2001) (concluding that defendant's appeal was not moot where district court could reduce term of supervised release upon resentencing).

AFFIRMED.[2]

---

**2.** The Government's unopposed Motion to Supplement Record on Appeal is granted. All other outstanding motions are denied as moot.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.