**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Floreen Shareswari NAIR,**
**Defendant–Appellant.**

**No. 01–30196.**
**D.C. No. CR–00–00369–TSZ.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Floreen Shareswari Nair appeals her 27–month sentence imposed after her guilty-plea conviction for four counts of causing the mailing of threatening letters, in violation of Title 18 U.S.C. § 876. We have jurisdiction pursuant 18 U.S.C. § 3742, and we affirm.

Nair contends that the district court erred by declining to group pursuant to U.S.S.G. § 3D1.2 the four counts of mailing threatening letters based on a finding that there were multiple victims involved. In order to be grouped under § 3D1.2(b), however, Nair's offenses must

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

both (1) involve the same victim, *and* (2) constitute part of a common scheme or plan. *See* U.S.S.G. § 3D1.2(b) (emphasis added). The district court found that each letter threatened several distinct victims, and each inflicted separate unique harms. We find no clear error in this factual determination. *United States v. Boos,* 127 F.3d 1207, 1209–10 (9th Cir.1997). Accordingly, the district court correctly concluded that the four counts should not be grouped pursuant to § 3D1.2. *Id.* (stating that for purposes of § 3D1.1, the common and ordinary definition of "victim" applies, and includes individuals that are "acted on" and "adversely affected" by an agent); *see also* U.S.S.G. § 2A6.1, cmt. n. 2; § 3D1.2, cmt. n. 2, n. 8.

■ Nair also contends that the district court erred by applying an upward adjustment for obstruction of justice under § 3C1.1 based on a finding that Nair provided false statements to the FBI. We find no error in the court's determination. The court found that Nair willfully hindered the FBI's investigation with the purpose of obstructing justice by providing the FBI with numerous false statements, continuing to deny her involvement, and causing the FBI to conduct substantial additional investigation. *See* § 3C1.1, cmt. n. 4(g) (stating that an obstruction of justice enhancement applies to a defendant who provides a "materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense"); *see also United States v. Gardner,* 988 F.2d 82, 83–84 (9th Cir.1993) (per curiam) (stating that "[a]lthough a section 3C1.1 enhancement must be premised on willful conduct that has the purpose of obstructing justice, the district court need not specify the reasons for its factual findings of obstruction of justice.").

■ Nair's final contention is that the district court erred by denying a downward adjustment for acceptance of responsibility under § 3E1.1 because she admitted to elements of the offense. Affording great deference to the district court, *see United States v. Fellows,* 157 F.3d 1197, 1202 (9th Cir.1998), the court did not err in finding that Nair was not entitled to an acceptance of responsibility adjustment under § 3E1.1 because she did not admit her involvement promptly after her arrests, and because the court found she was not being truthful or remorseful even after she pleaded guilty. *See* § 3E1.1; *see also Fellows,* 157 F.3d at 1202 (recognizing that a defendant's failure to demonstrate contrition and remorse weighs against a finding of acceptance of responsibility); *see also James v. United States Parole Commission,* 159 F.3d 1200, 1204 (9th Cir.1998) (stating that "[e]ven the entry of a guilty plea, however, is not sufficient to qualify for the [acceptance of responsibility] reduction if the defendant shows no remorse.").

AFFIRMED.