**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Peggy Sue THIBODEAU, Defendant– Appellant.**

**No. 01–30372.**

**D.C. No. CR–01–00109–JKS.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Peggy Sue Thibodeau appeals her 60–month sentence following her guilty plea to wire fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Thibodeau contends that the district court erred as a matter of fact and law by denying her request for a three-level downward adjustment in her offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The district court, however, was entitled to consider Thibodeau's long criminal history of fraud and deceit, undeterred either by probation or imprisonment, and likelihood of recidivism in assessing the genuineness of her contrition. *See United States v. Fellows,* 157 F.3d 1197, 1203 (9th Cir.1998) (noting that district courts are entitled to look for affirmative evidence beyond a guilty plea when evaluating a defendant's acceptance of responsibility). We cannot say, therefore, that the district court clearly erred by finding that Thibodeau's expression of contrition was not credible and accordingly denying her request. *See also United States v. Flores,* 93 F.3d 587, 590 (9th Cir.1996) ("The timeliness of defendant's manifestation of acceptance of responsibility is also of special importance [in assessing acceptance of responsibility].").

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.