**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anthony J. WEIR, Defendant–
Appellant.**

No. 02–30124.

D.C. No. CR–01–72–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Anthony J. Weir appeals the sentence of 210 months imposed following his guilty plea to two counts of production of child pornography (18 U.S.C. §§ 2251(a) and (d) and 2256), one count of transfer in interstate commerce of obscene matter to a minor (18 U.S.C. § 2422(b)), one count of possession of child pornography (18 U.S.C. §§ 2252(a)(5)(B)), and forfeiture (18 U.S.C. § 2253(a)). Weir contends that the district court erred in denying him a sentence reduction for acceptance of responsibility under USSG § 3E1.1.[1] We affirm.

"Whether a defendant is entitled to an adjustment based on acceptance of responsibility is a factual determination reviewed for clear error." *United States v. Villasenor–Cesar*, 114 F.3d 970, 973 (9th Cir. 1997). We afford the district court's determination as to a defendant's acceptance of responsibility "great deference." *United States v. Fellows*, 157 F.3d 1197, 1202 (9th Cir.1998).

Whatever arguments Weir may make that he accepted responsibility, this case is not one of the "extraordinary" cases in which an upward enhancement for obstruction of justice is not inconsistent with acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.4); *United States v. Magana–Guerrero*, 80 F.3d 398, 401 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. All references are to the November 1, 2001 version of the Guidelines.

Cir.1996); *see also* USSG § 3E1.1, comment. (n.3); *Fellows,* 157 F.3d at 1202; *James v. United States Parole Commission,* 159 F.3d 1200, 1204–05 (9th Cir. 1998). *Cf. United States v. Hopper,* 27 F.3d 378, 383 (9th Cir.1994) (noting that obstruction is not inconsistent with acceptance of responsibility if the defendant later accepts full responsibility for his crime). Thus, the district court properly refused to grant Weir a sentence reduction pursuant to USSG § 3E1.1.

AFFIRMED.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2). Accordingly, Appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.