**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James Tyler WILLIAMS, Defendant— Appellant.**

No. 02–10001.

D.C. No. CR–00–00139–GEB–02.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Dec. 13, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before CHOY, SKOPIL and LEAVY, Circuit Judges.

## MEMORANDUM**

James Tyler Williams was sentenced to 255 months in prison following his guilty plea to charges of arson, destruction of religious property, and the use of fire to commit a felony. Williams raises only one issue on appeal: whether the district court abused its discretion by including a supervised release condition which mandates participation in a mental health treatment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## DISCUSSION

A district court's decision to impose a special condition of supervised release is reviewed for abuse of discretion. *United States v. Pinjuv,* 218 F.3d 1125, 1129 (9th Cir.), *cert. denied,* 531 U.S. 1025, 121 S.Ct. 597, 148 L.Ed.2d 511 (2000). A district court has discretion to order special conditions of supervised release pursuant to 18 U.S.C. § 3583(d) if the conditions are reasonably related to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Fellows,* 157 F.3d 1197, 1203 (9th Cir.1998). The § 3553(a) factors pertinent here include the nature and circumstances of the offense and the need to protect the public from future crimes of the defendant.

█ Williams claims that the district court abused its discretion by ordering him to participate in a mental health program in the absence of evidence that he was mentally ill. We rejected the same argument in *United States v. Lopez,* 258 F.3d 1053 (9th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1376, 152 L.Ed.2d 368 (2002). There, the defendant had no prior mental illness diagnosis, yet we upheld the imposition of the condition based upon the district court's observations of defendant's appearance and demeanor, his history of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

violent criminal behavior, and statements about his difficulty adjusting to community confinement. *Id.* at 1056–57.

In this case, the district court acted well within his discretion in conditioning Williams' supervised release upon participation in mental health treatment given the violent, fanatical and highly destructive nature of the underlying criminal conduct. The court's decision is bolstered by Williams' own statement that his mental and emotional health were "not very good" and by his unstated, but implied intent to bring a mental defense should the case have proceeded to trial.

■ Williams' additional claims of error based upon an alleged improper delegation of authority to the probation office regarding the need for mental health treatment and/or psychotropic medications are belied by the district court's express finding. In the judgment, the district court specified that Williams "shall" participate in mental health treatment; thus, the only discretion left to the probation officer was the implementation of that directive. We have determined that similar directives do not constitute impermissible delegations of authority. *See Fellows,* 157 F.3d at 1204 (directive that defendant fully comply with treatment program did not improperly delegate authority to therapist). Similarly, the district court's finding did not impermissibly delegate authority to require the use of psychotropic medications to the probation officer given that any such medication would necessarily require a mental health professional's prescription.

AFFIRMED.