**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Toni QUICK–KNEZ, Defendant–Appellant.**

No. 03–10078.
D.C. No. CR–02–00257–JLQ.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Oct. 1, 2003.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

### MEMORANDUM**

Toni Quick–Knez appeals her 18–month sentence following a guilty plea for failing to surrender for service of a sentence, in violation of 18 U.S.C. § 3146. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm, in part, and reverse and remand, in part.

Quick–Knez argues that the district court erred by denying her an adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. She is mistaken. The district court expressly relied upon factors enumerated in the guidelines and its own assessment of her credibility. We see no clear error in the district court's ruling. *See* U.S.S.G. § 3E1.1 n.1 (2002); *United States v. Fellows,* 157 F.3d 1197, 1203 (9th Cir.1998) (affirming the denial of a § 3E1.1 adjustment where the judge's prior contact with the defendant called the defendant's credibility into question, so the district court looked for affirmative evidence of defendant's acceptance of responsibility). Accordingly, we affirm this portion of the sentence.

Quick–Knez also argues that the district court erred in ordering her term of supervised release to run consecutively to the term of supervised release imposed as part of her underlying fraud sentence. The government correctly concedes that the district court erred in this respect. *See* 18 U.S.C. § 3624(e) (stating that the term of supervised release runs concurrently with any term of supervised release for another offense to which the person is subject). Accordingly, this portion of the sentence is vacated and remanded.

**AFFIRMED, IN PART, AND RE-VERSED AND REMANDED, IN PART.**