**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4555

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY RAYMOND WILINSKI,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CR-03-487)

Argued:  October 28, 2005              Decided:  March 31, 2006

Before WILKINS, Chief Judge, and MICHAEL and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Lauren Elizabeth Case, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Gina Laurie Simms, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, John Chamble, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant.  Allen F. Loucks, United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Raymond Wilinski appeals a special condition of supervised release. Finding no error, we affirm.

I.

Wilinski is a former student of the University of Maryland College Park (UMC). In July 2003, Wilinski began sending racially abusive and vulgar electronic mail to employees at the university because he believed that he and his family were under surveillance by UMC. After he was banned from the campus, Wilinski mailed a letter to his former attorney, stating that if UMC did not stop harassing him, he might resort to violence by going on a shooting spree at UMC.

Wilinski was arrested on October 17, 2003, and a search of his home yielded 32 firearms. At the time of his arrest, Wilinski stated that he should not be released from jail because the first thing he would do would be to seek revenge against UMC and that "Randy Weaver [would] pale in comparison." J.A. 15 (internal quotation marks omitted). Wilinski was detained pending trial and committed for mental health treatment. On June 16, 2004, Wilinski pleaded guilty to communicating threats by mail, see 18 U.S.C.A. § 876(c) (West Supp. 2005). The district court sentenced him to a time-served sentence of 273 days imprisonment, plus three years of supervised release. The district court imposed a special condition

2

prohibiting Wilinski from filing any lawsuits or legal proceedings against UMC or its personnel without first receiving the permission of his mental health professional. Wilinski argues that this condition violates his right of access to the courts, is not narrowly tailored to further a compelling government interest, and adversely interferes with the psychotherapist-patient relationship.

II.

District courts enjoy "broad latitude" in imposing special conditions of supervised release. United States v. Dotson, 324 F.3d 256, 260 (4th Cir. 2003); see id. at 259 (stating that special conditions of supervised release are reviewed for abuse of discretion).* However, in imposing a special condition of supervised release, the district court must ensure that the condition is "reasonably related" to the nature and circumstances of the offense and the history and characteristics of the defendant; the need to provide adequate deterrence; the protection of the public from further crimes; and the need to provide the defendant with training, medical care, or treatment. 18 U.S.C.A. § 3583(d)(1) (West 2000) (citing 18 U.S.C.A. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D) (West 2000)). Additionally, the

---

*Although the conditions of supervised release are analyzed under an abuse of discretion standard, reviewing courts will "carefully scrutinize unusual and severe conditions." United States v. Sofsky, 287 F.3d 122, 126 (2d Cir. 2002) (internal quotation marks omitted).

district court must ensure that the condition "involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [18 U.S.C.A. §] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C.A. § 3583(d)(2) (West 2000). And, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a)." 18 U.S.C.A. § 3853(d)(3) (West 2000).

Although the right of access to the courts is fundamental, see Plyler v. Moore, 100 F.3d 365, 373 (4th Cir. 1996), a district court may impose a condition of supervised release that restricts a defendant's exercise of constitutional rights when the condition is "directly related to advancing the [defendant's] rehabilitation and to protecting the public from recidivism." United States v. Ritter, 118 F.3d 502, 505 (6th Cir. 1997). That is the case here.

It is undisputed that Wilinski suffers from a mental illness that, among other symptoms, causes him to believe that UMC has him under surveillance. The special condition limits only Wilinski's ability to file lawsuits against UMC or its personnel. Because Wilinski is not otherwise barred from filing any lawsuits, the condition is tailored to his circumstances. See id. We also conclude that the condition promotes Wilinski's recovery and protects the public from his potential recidivism. Given Wilinski's mental illness, his therapist is in the best position to know whether or not a lawsuit against UMC or its staff will further

4

his recovery.  See United States v. Fellows, 157 F.3d 1197, 1204 (9th Cir. 1998) (affirming special condition that defendant comply with recommendations of his therapist on the basis that the treating therapist was best qualified to know what lifestyle restrictions were necessary to enhance treatment and reduce the likelihood of re-offending).  Importantly, should his therapist deny permission to file an action, Wilinski may apply to the district court seeking permission to do so.

## III.

For the reasons set forth above, we conclude that the district court did not abuse its discretion in imposing the special condition of supervised release.  Accordingly, we affirm.

AFFIRMED