MEMORANDUM **
Defendant Jeffrey Douglas Walker appeals from the district court’s revocation of his supervised release and his sentence of 30 days custody, 90 days home confinement, and reinstatement of the terms of his supervised release including the condition prohibiting any use of alcohol. We affirm.
Walker was convicted of conspiracy to possess with intent to distribute methamphetamine in 1994 in the District of Minnesota. He was sentenced to ten years imprisonment and five years of supervised release. The district court judge there imposed standard conditions of supervised release, including a prohibition on the excessive use of alcohol, as well as a special condition requiring Walker to participate in a drug testing and treatment program approved by the United States Probation Office.
Walker’s case was later transferred to the Central District of California, where Walker’s probation officer, with Walker’s knowledge and consent, modified the Minnesota standard supervised release condition prohibiting “excessive use” of alcohol, to the Central District of California standard supervised release conditions for drug offenders prohibiting “any use” of alcohol.
The Probation Office filed a petition for revocation of Walker’s supervised release on January 20, 2005, alleging five violations of supervised release: two positive tests for alcohol while Walker was participating in the Detection and Treatment Resources, Inc. testing and treatment program; two positive tests for alcohol while Walker was subject to the general terms of supervised release; and one allegation for failing to satisfactorily complete six months in the community corrections center program.
Walker’s sole objection to revocation in the district court and on appeal is that the California probation office lacked authority to change the probation condition from “excessive use” to “any use” of alcohol. Following two evidentiary hearings on Walker’s motion to dismiss the petition for revocation, the district court denied the motion to dismiss and revoked Walker’s supervised release. The district court held on the basis of the evidence submitted that the probation officer had done nothing more than adjust the term to coincide with the standard condition imposed on all drug offenders subject to the jurisdiction of the Central District’s probation office, and that the adjustment was made with Walker’s knowledge and consent. The district court’s decision was supported by the evidence and violated no statutory directives. Moreover, in United States v. Stephens, 424 F.3d 876 (9th Cir.2005), reh’g and reh’g en banc denied, 439 F.3d 1083 (9th Cir.2006), this court concluded that where a district court has properly imposed drug treatment as a special, non-penological condition of supervised release, “it [is] not improper ... for the court to permit the probation officer to select the program and to allow the drug treatment professionals to determine the ‘particularities of [the] treatment.’ ” Stephens, 424 F.3d at 884 (citing United States v. Fellows, 157 F.3d 1197 (9th Cir.1998)).
The district court similarly did not abuse its discretion when it re-imposed the condition prohibiting any use of alcohol following the evidentiary hearings and in light of Walker’s history of testing positive for al *826 cohol in violation of the terms of his supervised release.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.