MEMORANDUM **
David Fernando Sanchez-Hernandez appeals from the 30-month sentence imposed following his jury-trial conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Sanchez-Hernandez contends that the district court erred at sentencing by denying a two-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. The district court did not commit clear error in determining that Sanchez had not clearly demonstrated acceptance of responsibility for his offense. See United States v. Wilson, 392 F.3d 1055, 1061-63 (9th Cir.2004); United States v. Fellows, 157 F.3d 1197, 1202-03 (9th Cir.1998).
Sanchez-Hernandez also contends that the district court erred by basing its decision to apply an upward departure to his criminal history category on unreliable information, and that the result *266 ing sentence is unreasonable. The record supports the district court’s finding that Sanchez-Hernandez’s original criminal history category substantially underrepresented the seriousness of his criminal history. See, e.g., United States v. Daychild, 357 F.3d 1082, 1106-07 (9th Cir.2004). Moreover, under the totality of the circumstances, the sentence is reasonable. See United States v. Ellsworth, 456 F.3d 1146, 1152-53 (9th Cir.2006); see also U.S.S.G. § 4A1.3(a)(2)(A).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.