NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-30077 |
| Plaintiff-Appellee, | D.C. No. 4:12-cr-00061-BMM-1 |
| v. | |
| JASON BRYAN MARTIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted December 16, 2016[**]
San Francisco, California

Before:  BYBEE and N.R. SMITH, Circuit Judges, and KOBAYASHI,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Jason B. Martin appeals the district court's revocation of his supervised release and imposition of a five-month sentence. We review Martin's constitutional challenges, which are made for the first time on this appeal, for plain error, *see United States v. Johnson*, 626 F.3d 1085, 1088 (9th Cir. 2010), and Martin's challenge to the length of his sentence for abuse of discretion, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006).

**1.** Martin first argues that Special Condition No. 1 of his supervised release was so vague that it violated his due process rights. *See United States v. Hugs*, 384 F.3d 762, 768 (9th Cir. 2004) (stating that due process prohibits courts from imposing a condition of supervised release that is "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application" (citation omitted)). But nothing about Special Condition No. 1 was unconstitutionally vague. Martin knew full well that in order to comply with Special Condition No. 1 he had to follow all rules of the Great Falls Pre-Release Center ("Center")—rules that were both intuitive and known to Martin. The Center's only arguably non-brightline rule that Martin violated required him not to endanger the safety of the Center's staff through aggressive actions. But, contrary to Martin's assertions, reasonable people would agree on the range of aggressive conduct that endangers others. If Martin thought that his behavior was not

2

dangerous and apprehensive, then he should have explained during the revocation hearing exactly why the Center's interpretation of its rule was unreasonable.

**2.** Martin next suggests that Special Condition No. 1 improperly delegated judicial authority to the Center's administrators by permitting them to decide when the Center's rules were violated. The district court committed no error—much less plain error—in leaving it up to the professional administrators to supervise Martin's compliance with the program's requirements. *See United States v. Fellows*, 157 F.3d 1197, 1204 (9th Cir. 1998). If the district court were required to monitor Martin's progress itself, the pre-release program would lose its efficacy and rehabilitative appeal.

**3.** Finally, Martin claims that the district court's five-month sentence was unreasonable because it inhibited Martin's rehabilitation. Not so. As even Martin recognizes, his violation of Special Condition No. 1 placed him in a Sentencing Guidelines range of five to seven months. The district court did not abuse its discretion when it imposed a sentence on the low end of the Guidelines range after carefully weighing all factors relevant to Martin's offense. *See United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008).

**AFFIRMED.**