**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David PERREAULT, Defendant–
Appellant.**

**No. 99–30087.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 1999.

Decided Nov. 18, 1999.

Beth Bollinger, Spokane, Washington, for the defendant-appellant.

James Peters, Assistant United States Attorney, Boise, Idaho, for the plaintiff-appellee.

Before: FERGUSON, REAVLEY,* and TROTT, Circuit Judges.

REAVLEY, Circuit Judge:

The sole issue raised in this appeal is whether appellant David Perreault possessed ten or more "items" of child pornography for sentencing purposes. Perreault pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Under his plea agreement with the government, Perreault agreed to certain facts, including the following:

> During several months prior to and during March, 1998, the defendant intentionally downloaded hundreds of pornographic images from the Internet and

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

stored them on a P5–166 Gateway CPU computer ... and 19 floppy discs.... Analysis of the computer and the floppy discs revealed that many depictions of minors, including many prepubescent children, were stored on the computer and six of the discs.

The presentence report (PSR) found as factual matters, and Perreault does not dispute, that:

> The 6 readable diskettes contained a total of 85 images of minors engaged in various forms of sexually explicit activity.... The defendant's computer's hard drive contained three "zip drives." From these files or "zip drives," the FBI was able to access an additional 13 graphic files which also contained child pornography.

At sentencing, the district court increased Perreault's offense level by two levels under U.S.S.G. § 2G2.4(b)(2), which provides for such an increase "[i]f the offense involved possessing ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor."

Perreault argues that the court erred in making this two-level increase, because he did not possess ten or more items of child pornography. He argues that under the authority of *United States v. Lacy,* 119 F.3d 742 (9th Cir.1997), he possessed only seven items of pornography—one computer and six computer discs. The government argues that under *United States v. Fellows,* 157 F.3d 1197 (9th Cir.1998), *cert. denied,* —— U.S. ——, 120 S.Ct. 133, —— L.Ed.2d —— (1999), Perreault possessed 98 items of child pornography, in that each visual depiction downloaded from the Internet constitutes a separate computer graphics file and is a separate item for sentencing purposes.

*Fellows* is directly on point. The defendant, Fellows, had pleaded guilty to possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). Fellows possessed twenty visuals depictions of child pornog-

raphy. "Each image was stored in a separate graphics file within Fellows' computer." *Fellows,* 157 F.3d at 1199. As in the pending case, the court imposed a two-level sentence enhancement under U.S.S.G. § 2G2.4(b)(2) for possession of ten or more items of pornography. Fellows argued that the computer hard drive was the "item" under the Guideline. We held that each graphics file containing a visual depiction of child pornography was an item:

> Because the graphics file is the container used for compiling and storing visual depictions in a computer, it qualifies as an "item" under the plain language of U.S.S.G. § 2G2.4(b)(2).... Fellows contends that an "item" in the computer context is properly defined as a computer hard drive, not a graphics file. In support of this contention, Fellows points out that most graphics files contain only one visual depiction, while a hard drive can store many more. This argument must be rejected because U.S.S.G. § 2G2.4(b)(2) does not require an item to contain multiple visual depictions; one is sufficient. A computer hard drive is much more similar to a library than a book; the hard drive can store literally thousands of documents and visual depictions. Each file within the hard drive is akin to a book or magazine within that library. Thus, the files, not the hard drive, count as "items" under U.S.S.G. § 2G2.4(b)(2).

*Id.* at 1201. Under *Fellows,* the district court properly imposed the two-level enhancement. The zip drives alone contained thirteen graphics files containing child pornography.

Perreault's contention that *Fellows* conflicts with *Lacy* is rejected. *Lacy* concerned the elements of criminal liability under 18 U.S.C. § 2252(a)(4)(B) and held that where the child pornography was contained in any "other matter" of a computer, the offense required proof that the physical medium of the computer, i.e. the drives or discs, was known to contain the

prohibited visual depictions and that the physical matter had passed through interstate or foreign commerce. *Lacy,* 119 F.3d at 747–49. *Fellows* and the questioned sentence of Perreault are concerned with the guideline enhancement for the extent of culpable conduct. We see no problem with the imposition of a more severe sentence if the defendant possessed ten or more graphic files containing child pornography, even if these files are all contained in the same drive or disc. And we find no reason to believe that the court in *Lacy* would disagree.

AFFIRMED.