PAUL KELLY, JR., Circuit Judge.
This decision consolidates two cases from the Northern District of Oklahoma. Larry Wayne Thompson and Robert John Naus appeal their sentences for knowingly possessing “any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography....” 18 U.S.C. § 2252A(a)(5)(B). The sole issue on appeal is whether the district court erred in sentencing by applying a two-level enhancement for possession of ten or more “items” pursuant to § 2G2.4(b)(2) of the 1998 United States Sentencing Guidelines, which provides: “If the offense involved possessing ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor, increase by 2 levels.” United States Sentencing Commission, Guidelines Manual, § 2G2.4(b)(2) (Nov.1998). The district court interpreted the term “items” to include computer files on the disks rather than the disks themselves. We affirm.

Background

Mr. Thompson was found in possession of child pornography after a South Carolina customs agent informed an Oklahoma City customs agent that Mr. Thompson had sent 17 child pornography images to a South Carolina target. Hundreds of visual depictions of minors engaged in sexually explicit activity were found on Mr. Thompson’s computer with more such depictions on compact disks and floppy disks. Notwithstanding the hundreds of files, the prohibited material was contained on fewer than ten computer hard disks, compact disks, or floppy disks. On April 20, 2000, Mr. Thompson pled guilty to eight counts of violating 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to thirty months imprisonment based in part on a two-level enhancement under U.S.S.G. § 2G2.4(b)(2) for possessing ten or more computer files containing child pornography.
Mr. Naus was found in possession of child pornography as well. Western Union records obtained by customs showed that Mr. Naus sent $100 to persons in Moscow, Russia who were trafficking in child pornography. During an initial search, Mr. Naus indicated that he believed he had downloaded approximately 500 images of child, pornography. Four disks were discovered with 136 images of children engaged in sexually explicit conduct with other children, adults or both. After seizure of Mr. Naus’s computer system and floppy disks, an agent discovered an additional three images of child pornography on another disk. Two super floppy disks (which can store 120 MB of data, in contrast to a regular- floppy disk that can store 1.44 MB) contained 284 and 72 images of child pornography. Thus, 495 visual depictions of minors engaged in sexually explicit conduct were found on five floppy disks and two “super floppy” disks.
On June 26, 2000, Mr. Naus entered a guilty plea to one count of violating § 2252A(a)(5)(B). He was sentenced to twenty-seven months imprisonment as a result of a two-level enhancement under § 2G2.4(b)(2). Both Mr. Thompson and *1090 Mr. Naus were also sentenced to three years supervised release following imprisonment. On appeal, Messrs. Thompson and Naus contend that neither of them possessed more than ten “items” as prescribed by § 2G2.4(b)(2), if that term is understood to refer to the media on which images of child pornography were stored rather than the files themselves. The government responds that in § 2G2.4(b)(2) each computer graphics file maintained on a computer hard drive, floppy disk, or other storage medium constitutes a separate “item.”

Discussion

We review de novo a district court’s legal interpretation of the guidelines. United States v. Gacnik, 50 F.3d 848, 852 (10th Cir.1995). The guidelines are interpreted as though they were a statute or court rule, with ordinary rules of statutory construction. United States v. Tagore, 158 F.3d 1124, 1128 (10th Cir.1998). Adopting a narrower interpretation is at odds with our precedent:
While we apply the rule of strict construction to criminal statutes, and by extension to the Guidelines, that does not mean the Guidelines must be given their narrowest possible meaning. Rather, the rule of strict construction is satisfied if the words are given their- fair meaning in accord with the manifest intent of the lawmakers.
United States v. Reaves, 253 F.3d 1201, 1203 (10th Cir.2001) (quotations and citations omitted).
As noted, the statute, § 2252A(5)(B) speaks of knowing possession of “any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography” and the guideline speaks of possession of “ten or more books, magazines, periodicals, films, video tapes, or other items, containing a visual depiction involving the sexual exploitation of a minor.” U.S.S.G. § 2G2.4(b)(2).
While it is true that the two are largely symmetrical, “computer disk” stands alone in the statute, as does “items” in the guideline. Although the issue is one of first impression in this circuit,[1] two courts considering convictions under § 2252A(a)(5)(B) have determined that the term “items” in § 2G2.4(b)(2) means computer files, not the entire disk. See United States v. Harper, 218 F.3d 1285, 1287 (11th Cir.2000) (per curiam); United States v. Perreault, 195 F.3d 1133, 1134-35 (9th Cir.1999). Other courts have reached the same conclusion under a similar statute. United States v. Fellows, 157 F.3d 1197, 1200-02 (9th Cir.1998) (conviction under § 2252(a)(4)(B)); United States v. Demerritt, 196 F.3d 138, 141-42 (2d Cir.1999) (same); United States v. Hall, 142 F.3d 988, 997-99 (7th Cir.1998) (same); United States v. Wind, 128 F.3d 1276, 1278 (8th Cir.1997) (conviction under § 2252(a)(4)).
Merely because the statute includes the term “disk” and the guideline includes the term “items” does not necessarily mean that the two must be equated. As the panel observed in Perreault, the statute may criminalize knowing possession of a computer disk, while the guideline addresses culpable conduct in connection with that possession of the disk, here the number of flies on the disks. Perreault, 195 F.3d at 1134-35. Stated another way, the fact the statute criminalizes certain conduct has never meant that a court is restricted to the offense of conviction when deciding the appropriate sentence. United *1091 States v. Watts, 519 U.S. 148, 151-154, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam); Witte v. United States, 515 U.S. 389, 397-98, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995). Thus, the guidelines employ the concepts of relevant conduct, and offense levels under the applicable offense guideline are determined in part based upon specific offense characteristics, including relevant conduct. U.S.S.G. §§ 1B1.1(a) & (b); 1B1.2(b); 1B1.3(a)(1)(A) (specific offense characteristics to be determined based upon “all acts and omissions committed ... by the defendant”); 1B1.3, cmt (n.2) (<rWith respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved....”) (Nov.1998).
We turn next to the placement and purpose of the words “other items” in the scheme envisioned by the guidelines. See Reaves, 253 F.3d at 1203. Defendants argue that although “other items” is not defined in the 1998 version of the guidelines, the context of § 2G2.4(b)(2) makes it clear that it refers to containers beyond those specifically listed (books, magazines, periodicals, films, and video tapes, containing visual depiction). They correctly point out that each of the listed containers can contain multiple images, just as computer disks, compact disks, and zip disks can. According to the Defendants, “[t]o say that a graphic image file is the container holding the image would be the equivalent of saying that the square of cardboard that makes up the Polaroid is the container for the photograph, or even the piece of canvas upon which DaVinci painted was merely the container for the Mona Lisa.” Aplts. Br. at 15. We think this argument underestimates the importance of a file when it comes to computers. A file is a collection of information (such as text, numbers, graphics, sound or video) stored on a particular medium. A file is always in a particular format. A graphic image does not exist without a file — the format of the file defines the image. A file extension after the name of the file tells the computer which program or application is required to utilize the information.
In Fellows, the court concluded that the nearest computer analogue to “books, magazines, periodicals, films, [and] videotapes” was files because “[v]isual depictions in a computer are compiled and stored in graphics files, much like photographs are compiled and stored in books or magazines.... [T]he computer user can separately view, copy, delete, or transmit each discrete graphics file.” Fellows, 157 F.3d at 1201. It might appear that by this logic, each page or individual piece of paper in a book, magazine or periodical, or each frame in film or videotape, qualifies as a container and an “item” for the enhancement. But as a practical matter, an individual page or a frame simply lack the world-wide portability and transmissability of discrete computer files, which may be “contained” in a variety of storage media, e.g. hard disk, floppy disk, CD, or zip disk, and are transported electronically far more easily than the listed items.
Electronic files do need a medium or “container” to be encoded, but it is doubtful that the drafters of the guideline intended the enhancement to be applied based upon the fortuitousness of the storage media when it came to computers, even in 1992 when the guideline was adopted. See Demerritt, 196 F.3d at 141-142. Graphic images are usually conveyed file by file; how they are stored varies from user to user. The dissent contends that our interpretation of the guideline, which would be correct in the late-1990’s, was unimaginable in 1992. Modem speeds, internet access, operating systems and storage capability have all improved *1092 since 1992, but the basic unit of storage, use, portability and transmissability — the file — remains. It is also worth noting that our Fourth Amendment cases have rightly concentrated the analysis on computer files. See, e.g., United States v. Walser, 275 F.3d 981, 986 (10th Cir.2001) (“The advent of the electronic age and, as we see in this case, the development of desktop computers that are able to hold the equivalent of a library’s worth of information, go beyond the established categories of constitutional doctrine. Analogies to other physical objects, such as dressers or file cabinets, do not often inform the situations we now face as judges when applying search and seizure law.”); United States v. Carey, 172 F.3d 1268, 1275 (10th Cir.1999).
In sum, after our analysis and those of our sister circuits, we are not left with a reasonable doubt about the scope of the guideline when it comes to this this situation. See Moskal v. United States, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). The rule of lenity is a rule of last resort, reserved for when a guideline suffers from grievous ambiguity or uncertainty. Chapman v. United States, 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991); Tagore, 158 F.3d at 1128 n. 3. An alternative interpretation of the guideline, standing alone, is insufficient to invoke the rule. Moskal, 498 U.S. at 108, 111 S.Ct. 461. While the dissent and the Defendants have come up with another interpretation, we think we have found a reasonable interpretation.
In the alternative, we could consider an amendment to the commentary to § 2G2.4 and reach the same result. A subsequently enacted amendment may be applied retroactively, provided it is merely a clarifying amendment. United States v. Gigley, 213 F.3d 503, 506 n. 3 (10th Cir.2000). Amendment 592 added the following commentary:
2. For purposes of subsection (b)(2), a file that (A) contains a visual depiction; and (B) is stored on a magnetic, optical, digital, other electronic, or other storage medium or device, shall be considered to be one item.
If the offense involved a large number of visual depictions, an upward departure may be warranted, regardless of whether subsection (b)(2) applies.
U.S.S.G. § 2G2.4, cmt (n.2) (Nov.2000).
Whether the amendment is applicable, however, depends on whether it is clarifying or substantive. See U.S.S.G. § 1B1.11(b)(2) (Nov.1998). Amendment 592, which took effect November 1, 2000, after the plea agreement and sentencing by the district court, merely clarifies the guideline applied by the district court. Under section lBl.ll(b)(2), a court “shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes.” See United States v. Alvarez-Pineda, 258 F.3d 1230, 1236 (10th Cir.2001). As to the reason for the amendment, the Commission wrote:
[T]he amendment clarifies the meaning of the term “item” in subsection (b)(2) of § 2G2.4.... The amendment adopts the holding of all circuits that have addressed the matter that a computer file qualifies as an item for purposes of the enhancement.- The amendment also provides for an invited upward departure if the offense involves a large number of visual depictions of child pornography, regardless of the number of “items” involved. This provision invites courts to depart upward in cases in which a particular item, such as a book or a computer file, contains an unusually large number of pornographic images involving children.”
Id. Supp. to App. C. at 51 (2000).
Distinguishing between amendments that are substantive and those that merely *1093 clarify is, at times, a difficult task, but not in this case. See Alvarez-Pineda, 258 F.3d at 1236. In United States v. Kissick, 69 F.3d 1048, 1052 (10th Cir.1995), this court laid out factors which tend to show that an amendment is for clarification purposes rather than a substantive change: 1) it does not overrule existing precedent; 2) it revises a commentary note rather than a guideline; and 3) the authors characterized it as clarifying. Applying these factors in analyzing the amendment to section 2G2.4(b)(2), we conclude that the amendment is merely clarifying. The amendment affirmed the conclusions of the four circuits that had previously ruled on the guideline, the amendment revised commentary, and the Commission characterized the amendment as clarifying. Thus, the amendment may be applied retroactively to the Defendants. See Gigley, 213 F.3d at 506 n. 3.
AFFIRMED.

. This is also a case of limited applicability as § 2G2.4(b)(2) was amended in November of 2000 to make the term "items” include computer files. We discuss this further below.