In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-4236

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID SROMALSKI,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00 CR 0011—**Barbara B. Crabb**, *Chief Judge.*

ARGUED MAY 13, 2002—DECIDED FEBRUARY 7, 2003

Before ROVNER, DIANE P. WOOD, and WILLIAMS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Like a distressing number of others, David Sromalski kept images portraying child pornography on his computer. Authorities caught on to his activities, and in time Sromalski was prosecuted on a two-count information charging him with possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and seeking forfeiture of his computer and related materials, pursuant to 18 U.S.C. § 2252. Sromalski pleaded guilty to the charges; his challenge on appeal relates solely to the sentence he received. The presentencing report (PSR) prepared after his plea recommended the application of a Sentencing Guidelines cross-reference from U.S.S.G.

§ 2G2.4(c)(2) to § 2G2.2, a more severe offense category. The district court accepted this recommendation, at least in part because it found that Sromalski's relevant conduct included a separate event of receipt and possession of child pornography that was not charged in the information. Sromalski contends that the district court erred in applying the cross-reference to his sentence because the prior conduct should not have been factored into his sentence. While the Government concedes that the move from § 2G2.4 to § 2G2.2 was not warranted by the relevant conduct, it suggests that it was otherwise appropriate and urges affirmance on an alternative ground. For the reasons stated in this opinion, we vacate the sentence imposed and remand for resentencing.

# I

During a major bust of a large computer server in Texas, which appears to have been dedicated to facilitating the sharing of pornographic materials, evidence emerged that Sromalski was one of the users of the server's Napster-like services. (Napster was an Internet company that permitted users to trade files directly; it has now gone out of business because of the copyright implications of that practice. See *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1011 (9th Cir. 2001).) The Texas computer records showed that on March 5, 1999, Sromalski transmitted to other computers (uploaded) seven images of child pornography and received from others (downloaded) 28 such images.

Based on the information gathered in Texas, customs agents searched Sromalski's residence on February 2, 2000. There they found some 300 images of child pornography on his computer. Sromalski admitted to the agents that he had downloaded the images from various sources on the Internet.

Even though Sromalski could have been charged with receipt of child pornography, which is prohibited by 18 U.S.C. § 2252A(a)(2), the information filed against him (after an original indictment was dismissed on the Government's motion) charged only a violation of 18 U.S.C. § 2252A(a)(5), which prohibits knowingly possessing child pornography that has traveled through interstate commerce, including by computer. The information made no reference to any trafficking activities in which Sromalski may have engaged—a fact that plays a central role in this case.

At the plea hearing, Sromalski conceded that he was guilty as charged with respect to the possession of the images the agents found during their February 2, 2000, search. He also admitted that the images had been transported in interstate commerce. He further admitted to having "downloaded" the images. The PSR indicated that between September 7, 1999, and January 13, 2000, Sromalski's computer had stored some 300 files in a subdirectory; those images had all been obtained through downloading. The PSR took note of the interactions between Sromalski's computer and the Texas server that had occurred on March 5, 1999.

## II

All parties agree that the 1998 Guidelines apply to this case. Appendix A to that version provides that both § 2G2.2 and § 2G2.4 are appropriate guidelines to use for violations of 18 U.S.C. § 2252A, depending on what else can be shown. See *United States v. Thompson*, 281 F.3d 1088, 1097 (10th Cir. 2002). The two guidelines are nonetheless aimed at different conduct that falls within the ambit of § 2252A. Section 2G2.2 covers "trafficking in material involving the sexual exploitation of a minor; receiving, transporting, shipping, or advertising material

involving the sexual exploitation of a minor; possessing material involving the sexual exploitation of a minor with intent to traffic"; section 2G2.4, on the other hand, covers "possession of materials depicting a minor engaged in sexually explicit conduct." When more than one guideline potentially covers an offense defined in a single statute, the district court must select the most appropriate guideline based upon the nature of the conduct charged in the count for which the defendant was convicted. U.S.S.G. § 1B1.2 cmt. n.1; see also *United States v. Principe*, 203 F.3d 849, 851 (5th Cir. 2000).

Because Sromalski's offense of conviction was 18 U.S.C. § 2252A(a)(5)(B)—which, as we noted earlier, deals with possession, in contrast to § 2252A(a)(2), which explicitly addresses "receipt" of these materials—the district court correctly started by looking at § 2G2.4, which is entitled "Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct," and which establishes a base offense level of 15. That section contains a cross-reference that is at the heart of the present dispute. Section 2G2.4(c)(2) instructs that "[i]f the offense involved trafficking in material involving the sexual exploitation of a minor (including receiving, transporting, shipping, advertising, or possessing material involving the sexual exploitation of a minor with intent to traffic), apply § 2G2.2." The latter guideline's title makes it clear that it is directed at trafficking offenses, such as receiving, transporting, shipping, or advertising the prohibited materials; it provides for a base offense level of 17, reflecting the more serious harms inflicted by child pornography traffickers. At the government's urging, the district court decided to accept the recommendation in the PSR to apply this cross-reference, and thus it sentenced Sromalski using the stricter rules found in § 2G2.2. It did so based in part on the evidence about Sromalski's downloads from the Texas server.

Sromalski properly objected to the application of the cross-reference. He argued first that the March 1999 conduct should not be counted as "relevant conduct" for purposes of the application of the cross-reference. When pressed, the government conceded that this was correct. In light of this concession, the correctness of which we do not address here, we are left with a simple possession offense and no evidence of trafficking. The government argues that it was nonetheless still proper to apply the cross-reference of § 2G2.4(c)(2) and sentence on the basis of § 2G2.2; Sromalski argues otherwise. We agree with him that the interpretation of the guidelines for which the government is arguing is too strained, and that under the particular facts of this case as they are now presented to us, the district court should not have applied the cross-reference.

### III

The decision to apply a specific guideline is reviewed *de novo*, *United States v. Ellison*, 113 F.3d 77, 79 (7th Cir. 1997), as is a district court's application of a cross-reference under the Sentencing Guidelines and a legal interpretation of the language of the Guidelines. We defer to the court's findings of fact unless they are clearly erroneous. *United States v. McGiffen*, 267 F.3d 581, 586 (7th Cir. 2001).

Had the Government not conceded that the March 1999 conduct was out of the picture, we would have a very different case. There is no doubt that the use of a "trading" server like the one in Texas, coupled with actions of both uploading and downloading files, is the kind of trafficking activity to which the cross-reference found in § 2G2.4(c)(2) refers. Thus, had this activity been part of Sromalski's relevant conduct, we have no doubt that our prior cases would have required the application of the

cross-reference. See *Ellison*, 113 F.3d at 81-82; *United States v. Richardson*, 238 F.3d 837, 839 (7th Cir. 2001). But the question of what conduct should be considered as "relevant conduct" for purposes of U.S.S.G. § 1B1.3 is normally regarded as a question of fact; we routinely review these determinations under the clear error standard. See, *e.g.*, *United States v. Anderson*, 259 F.3d 853, 858 (7th Cir. 2001); *United States v. Ofcky*, 237 F.3d 904, 907 (7th Cir. 2001); *United States v. Polichemi*, 201 F.3d 858, 866 (7th Cir. 2000). Like other factual issues, this one may be subject to a stipulation by the parties, which is what the government appears to have done here.

As the case has finally reached us, therefore, we must decide whether the cross-reference provision of § 2G2.4(c) can be used if the facts show only simple possession of child pornography on a computer. To answer this, we must look at the language of all relevant guidelines; in addition, we must also consider whether, even if the district court erred in applying the cross-reference, any such error was harmless because it was correct for some other reason to use § 2G2.2. See *Williams v. United States*, 503 U.S. 193, 203 (1992) ("[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, *i.e.*, that the error did not affect the district court's selection of the sentence imposed."); see also *United States v. Benitez*, 92 F.3d 528, 538 (7th Cir. 1996) (a Guideline determination may be upheld on appeal if the record as a whole shows that the error was harmless).

Both the cross-reference of § 2G2.4(c)(2) and § 2G2.2 refer to "receiving" child pornography, and so we must decide whether *all* instances of "receiving" that can be proved in a possession prosecution require the application of the cross-reference. Logically, the images had to

get into Sromalski's computer somehow. Either he received them from someone else, or he produced them. Both of those methods are covered by guidelines other than § 2G2.4: as we just noted, "receiving" is mentioned in § 2G2.2, and producing pornography is covered by § 2G2.1. Different statutes cover possession, production, and trafficking, and we think it important to adopt an interpretation of the Guidelines that relates them to the charged offenses and the graduated harms Congress was identifying. See *United States v. Grosenheider*, 200 F.3d 321, 332-33 (5th Cir. 2000) ("It is clear that Congress established a series of distinctly separate offenses respecting child pornography, with higher sentences for offenses involving conduct more likely to be, or more directly, harmful to minors than the mere possession offense.").

In this case, to the extent that Sromalski "received" the images found in his computer (as opposed to, say, produced them, which would have involved a different statutory section), he *could* have been charged under 18 U.S.C. § 2252A(a)(2), and he then could not have complained about the use of § 2G2.2 for sentencing purposes. This court pointed out in *Ellison* that it was important to follow "the specific and unequivocal indication" of the Sentencing Commission that § 2G2.2 must be applied for all offenses *other than* simple possession. 113 F.3d at 80. *United States v. Wind*, 128 F.3d 1276 (8th Cir. 1997), held on the other hand that § 2G2.4 was the correct starting point where the actual plea was for simple possession, despite evidence that the defendant had in fact sent child pornography to undercover agents. *Id.* at 1277; see also *United States v. Paul*, 274 F.3d 155, 161 (5th Cir. 2001) (§ 2G2.2 is not the correct guideline to apply to a conviction for possession of child pornography). As Sromalski was charged only with possession, we must at least start with § 2G2.4.

Once the correct starting guideline has been identified, the only way to move to a different section is through the application of a cross-reference. See *United States v. Rogers*, 270 F.3d 1076, 1083 (7th Cir. 2001). Cross-references appear throughout the Guidelines. They need not be, and often are not, linguistic mirror images of the cross-referenced guideline. They are just a device to handle potentially overlapping statutes and sentencing provisions—a device that is triggered when the policies of a second guideline more closely match the conduct that is being punished. The question is thus whether the cross-reference of § 2G2.4 comes into play when the government shows receipt, which would be enough for § 2252A(a)(2) and U.S.S.G. § 2G2.2, or if the language in § 2G2.4(c)(2) calling for the cross-reference only when there is an "offense involv[ing] trafficking . . . (including receiving . . . with intent to traffic)" requires more.

We cannot accept the notion that "receipt with intent to traffic" is an exact synonym for "receipt." The Sentencing Commission would not have added the extra phrase about trafficking if it was nothing but excess verbiage; it must have been intended to serve some substantive purpose. That purpose, it seems to us, is to limit the government's ability to have sentencing proceed under § 2G2.2, in cases where the charge is brought *only* under § 2252A(a)(5) (simple possession). Unless the more stringent requirements of the cross-reference provision are met, the government must prove the receipt offense beyond a reasonable doubt before it can use the receipt guideline.

This does not place an impossible burden on prosecutors. The Eleventh Circuit has recently ruled that evidence of receiving and sending pornographic images is sufficient to qualify as "trafficking" for purposes of the cross reference. See *United States v. Bender*, 290 F.3d 1279, 1285 (11th Cir. 2002), which echoes *United States v. Johnson*,

221 F.3d 83, 98 (2d Cir. 2000) (admission of "sending and receiving" sufficient). This seems quite reasonable to us. Intent to traffic has also been found on the part of someone convicted under § 2252A(a)(5) for "simple possession" where the defendant sent several e-mails to acquaintances offering to send child pornography in exchange for the cost of postage. See *Paul*, 274 F.3d at 163; see also *United States v. Horn*, 187 F.3d 781, 791 (8th Cir. 1999) (possession plus bartering warranted cross-reference). We also have no quarrel with those holdings. Sromalski, however, has not conceded that he sent any images during the relevant time frame. His admissions support a finding that he received the images (as opposed to producing them). Nonetheless, unless we were to equate "receiving" with "receiving with intent to traffic"—and we have said that we are not prepared to take this step—his admission of receipt is not enough to trigger the cross-reference.

The Government claims, however, that the result we propose to reach would be inconsistent with our earlier decision in *United States v. Ellison*. We disagree. The important point to bear in mind about *Ellison* is that the defendant there was convicted for the offense of receiving child pornography, not for the possession offense, and thus the guideline he started with was § 2G2.2. *Ellison*, 113 F.3d at 78. Under those circumstances, *Ellison* merely held that the Commission might rationally have thought that receiving these materials was worse than simply possessing them. It had nothing to say about the cross-reference with which we are concerned here.

The question, though, arises whether, if receiving is enough to constitute a form of trafficking under *Ellison* (if we give any weight to the title of § 2G2.2, which arguably we should not), why then is it not enough to require use of the cross-reference section in § 2G2.4, which speaks of receiving with intent to traffic? The Government argues that receipt inherently involves

trafficking, and it supports its position with a grammatical exegesis of 2G2.4(c)(2): it suggests that the word "receiving" is not modified by the final phrase "with intent to traffic," and that this phrase applies only to "possessing." The worst problem with this reading is that it effectively reads § 2G2.4 out of the Guidelines. Virtually everything § 2G2.4 covers would be covered by something else—usually § 2G2.2, but sometimes § 2G2.1 (production). A look at the history of § 2G2.4 also undermines the Government's position. Section 2G2.4 was added after § 2G2.2 by way of an amendment in which the Sentencing Commission stated:

> This amendment inserts an additional guideline at § 2G2.4 to address offenses involving receipt or possession of materials depicting a minor engaged in sexually explicit conduct, as distinguished from offenses involving trafficking in such material, which continue to be covered under § 2G2.2. Offenses involving receipt or transportation of such material *for the purpose of trafficking* are referenced to § 2G2.2 on the basis of the underlying conduct (subsection (c)(2)).

U.S.S.G. app. c amend. 372 (2001) (emphasis added).

Thus, before the cross-reference can be used in cases for which § 2G2.4 is the proper starting point, we conclude that something more than simple receipt must be shown: the government must show receipt, or one of the other described actions, with intent to traffic. Our conclusion applies only to cases in which the charges are limited to simple possession under § 2252A(a)(5), like Sromalski's. Where the government has charged and proven receipt as described in § 2252A(a)(2), the Guidelines themselves dictate that the cross-reference to § 2G2.2 is appropriate.

*United States v. Amirault*, 173 F.3d 28 (1st Cir. 1999), is not to the contrary. There the court held that receipt of pornography was sufficient to trigger the cross-refer-

ence, but it did not consider the issue of intent to traffic one way or the other. *Id*. at 30. Indeed, it had no occasion to do so, because the defendant in *Amirault* did not raise the argument that he lacked the intent to traffic. In any event, our decision is consistent with the rulings of the Eighth and Eleventh Circuits, discussed above. If the Sentencing Commission wishes to clarify the interaction of these two sections for the future, it is of course free to do so. For now, however, we believe they are best reconciled as we have described here.

Because we have concluded that the cross-reference from § 2G2.4 to § 2G2.2 should not have been made in Sromalski's case, he is entitled to re-sentencing based solely on § 2G2.4. This is a significant matter for him: as noted above § 2G2.4 has a base offense level of 15, not 17, and it does not contain a provision permitting a four-level enhancement for sadistic portraits like the one found in § 2G2.2(b)(3). This decision will also affect his adjustment for acceptance of responsibility from three to two levels, because the base offense level is now lower than 17. See U.S.S.G. § 3E1.1(b).

For these reasons, we VACATE and REMAND the case to the district court for resentencing in accordance with this opinion.

A true Copy:

       Teste:

                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*