UNITED STATES of America, Plaintiff—Appellee,

v.

Bruce E. WHALEN, Defendant— Appellant.

No. 03–30200.

D.C. No. CR–02–30010–ALA.

United States Court of Appeals, Ninth Circuit.

Submitted May 3, 2004.*

Decided May 10, 2004.

Douglas W. Fong, Esq., Medford, OR, for Plaintiff–Appellee.

Tonia Moro, Medford, OR, for Defendant–Appellant.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM **

Bruce Whalen appeals the sentence imposed for his conviction of unlawful possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5). During a search of Whalen's home, FBI agents found two floppy diskettes containing 44 images of child pornography and a laptop computer containing an additional 29 images of child pornography. Whalen argues that the district court erred in counting each graphics file containing an image of child pornography as an "item" for purposes of U.S.S.G. § 2G2.4(b)(2). He also argues that the district court erred in declining to depart downward on the basis of his alleged diminished mental capacity. We review de novo the district court's interpretation and application of the sentencing guidelines. *United States v. Montano*, 250 F.3d 709, 712 (9th Cir.2001). We lack jurisdiction to review a district court's decision not to depart downward absent evidence that the court believed it lacked the authority to do so. *United States v. Tam*, 240 F.3d 797, 805 (9th Cir.2001). We affirm.

We conclude that the district court did not err in counting each graphics file containing an image of child pornography as an "item" for purposes of U.S.S.G. § 2G2.4(b)(2). Whalen's argument is squarely foreclosed by our decisions in *United States v. Fellows*, 157 F.3d 1197, 1201–02 (9th Cir.1998), and *United States v. Perreault*, 195 F.3d 1133, 1134–35 (9th Cir.1999). Because the district court

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

clearly acknowledged that it had the authority to depart downward on the basis of diminished mental capacity (among other grounds), we conclude that we lack jurisdiction to consider the district court's decision not to depart downward. *Tam*, 240 F.3d at 805.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.