

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# USA v. Tursi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1450

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Tursi" (2007). *2007 Decisions.* Paper 766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos.  06-1450 / 06-1451 / 06-1941

———————————

UNITED STATES OF AMERICA

v.

FRED TURSI,
JOSEPH J. O'MALLEY,
JOSEPH R. LEONE,
                    Appellants

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 02-cr-00165-12/8/5)
District Judge: Honorable Petrese B. Tucker

———————————

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO and NYGAARD, Circuit Judges

(Opinion filed:   July 16, 2007)

———————————

OPINION

———————————

AMBRO, Circuit Judge

        Fred Tursi, Joseph O'Malley, and Joseph Leone (collectively "defendants")

challenge their criminal sentences in this appeal on two grounds.  They argue that the

District Court applied the wrong base offense level in calculating their sentencing ranges under the United States Sentencing Guidelines ("Guidelines"). They also argue that their sentences are unreasonable. As we discern no error in the calculation of defendants' Guidelines ranges and conclude that their sentences are reasonable, we affirm.[1]

I.

Defendants were plumbing inspectors for the City of Philadelphia who accepted cash payments from plumbers whose work they were tasked with inspecting. In October 2002, defendants were convicted by a jury of multiple counts of Hobbs Act extortion and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants (along with other convicted plumbing inspectors) appealed their convictions and sentences to our Court. In April 2005, we affirmed their convictions, but vacated their sentences and remanded to the District Court for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Urban*, 404 F.3d 754, 759 (3d Cir. 2005).[2]

The District Court, operating under the now-advisory Guidelines regime, determined that the Guidelines sentencing range for each defendant was 30 to 37 months of imprisonment. After considering what an appropriate sentence would be for each

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction to review defendants' sentences under 18 U.S.C. § 3742.

[2] For a fuller discussion of the underlying facts in these cases, see our earlier opinion affirming defendants' convictions. *Urban*, 404 F.3d at 759–61.

defendant in light of the factors in 18 U.S.C. § 3553(a), the District Court resentenced

O'Malley and Leone to 24 months of imprisonment (six months below the Guidelines

range) and Tursi to 30 months (at the bottom of the Guidelines range).

## II.

We have plenary review over the District Court's interpretation of the Guidelines,

and review its factual determinations for clear error. *United States v. Batista*, 483 F.3d

193, 196 (3d Cir. 2007). Defendants argue that it was error for the District Court to set

their base offense level at 19 based on U.S.S.G. § 2E1.1(a), the Guideline for "Unlawful

Conduct Relating to Racketeer Influenced and Corrupt Organizations." Instead, they

argue that the District Court should have applied U.S.S.G. § 2C1.2, relating to "Offering,

Giving, Soliciting, or Receiving a Gratuity," which in their cases would have resulted in

an offense level of 9 (base offense level of 7, plus a two level increase because the

offense involved more than one gratuity).[3] These contentions fail.

Defendants were convicted of violating RICO and of multiple counts of Hobbs Act

extortion. Pursuant to U.S.S.G. § 3D1.2, the various counts of conviction for each

defendant were properly grouped, and pursuant to U.S.S.G. § 3D1.3, the offense level that

should be applied to the group is that of the count with the highest offense level. In each

of the defendants' cases, the count with the highest offense level was the RICO count,

---

[3]Leone notes that he did not raise this issue at sentencing but argues that any waiver should be excused because his trial counsel was ineffective in not raising the issue. We need not address the waiver issue because, regardless whether Leone waived this argument, the result is the same.

and therefore the appropriate starting point for determining the offense level was U.S.S.G. § 2E1.1. Defendants note that this section's introductory commentary states that "[t]he offense level usually will be determined by the offense level of the underlying conduct." This general statement notwithstanding, the plain language of § 2E1.1 directs the sentencing court to determine the base offense level by applying the greater of 19 or the offense level applicable to the underlying racketeering activity. In defendants' cases, the underlying racketeering activity is Hobbs Act extortion under 18 U.S.C. § 1951(a), which would result in the application of U.S.S.G. § 2C1.1 and an offense level of 12 (base offense level of 10, plus a two level increase because the offense involved more than one bribe or extortion). Because 19 is greater than 12, the correct offense level for defendants under § 2E1.1 is 19.

Defendants' argument that U.S.S.G. § 2C1.2, and thus an offense level of 9, should have been applied by the District Court is basically a quarrel with their convictions. They argue that their conduct is more akin to a violation of 18 U.S.C. § 201(c), which criminalizes the receiving of anything of value by a public official for or because of the performance of any official act. Defendants, however, were convicted of the more serious crimes of Hobbs Act extortion and violations of RICO. Our Court has confirmed these convictions, specifically rejecting the very arguments defendants attempt to advance now, *i.e.*, that their conduct does not rise to the level of extortion and RICO violations. *Urban*, 404 F.3d at 768 ("The government's evidence here was more than sufficient to support a finding of extortion 'under color of official right.'"), 771 ("[W]e find that the

4

government adduced sufficient evidence to support Appellants' RICO convictions . . . ."), 778–83 (rejecting defendants' contentions that the jury was improperly instructed on the requirements of Hobbs Act extortion and RICO violations). Based on defendants' convictions, the District Court correctly calculated the Guidelines and reached the correct conclusion that each defendant's base offense level was 19, which yielded a Guidelines range of 30 to 37 months.[4]

### III.

Following the Supreme Court's decision in *Booker*, we review criminal sentences for reasonableness, *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006), and "appellate 'reasonableness' review merely asks whether the trial court abused its discretion," *Rita v. United States*, No. 06-5754, slip. op. at 11 (U.S. June 21, 2007). O'Malley and Leone contend that their 24-month sentences (6 months below the Guidelines range) are unreasonably high, and Tursi contends that his 30-month sentence

---

[4]Defendants' reliance on *United States v. Sromalski*, 318 F.3d 748 (7th Cir. 2003), is misplaced. They argue that *Sromalski* stands for the general proposition that "when more than one guideline potentially covers an offense defined in a single statute, the District Court must select the most appropriate guideline based upon the nature of the conduct charged in the count for which the defendant was convicted." Tursi's Br. at 20, O'Malley's Br. at 19, Leone's Br. at 20. In *Sromalski*, the Seventh Circuit rejected the use of a Guidelines cross-reference that applied if the defendant received child pornography with the intent to traffic it, when the defendant had pled guilty only to possession of child pornography and the parties had stipulated to only those facts necessary to support the conviction. 318 F.3d at 751–54. *Sromalski* has no application here. In this case, defendants were convicted of Hobbs Act extortion and RICO violations. The District Court arrived at the Guidelines range through a straightforward application of the relevant Guidelines sections.

(at the bottom of the Guidelines range) is unreasonably high.

We see no abuse of discretion in the District Court's imposition of the defendants' sentences. For each defendant, the District Court properly considered the relevant sentencing factors under 18 U.S.C. § 3553(a). Tursi's App. at 83–84; O'Malley's App. at 62–64; Leone's App. at 113–15. Then, with due consideration to the mitigating circumstances presented by defendants, the District Court reasonably applied the relevant factors to the circumstances of each defendant's case. *Cooper*, 437 F.3d at 330. We give deference to the District Court's application of the relevant sentencing factors, given that it is "in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.* Judge Tucker presided over defendants' trial and was well aware of the relevant circumstance relating to each of them. We see no basis to second-guess her reasoned judgment in these matters.

Finally, given that O'Malley's and Leone's sentences were *below* the Guidelines range and that Tursi's was at the bottom of the Guidelines range, it is unlikely that their sentences are unreasonably high. As we have recognized and the Supreme Court has recently affirmed, sentences within the applicable Guidelines range are likely to be reasonable. *See Cooper*, 437 F.3d at 331("[A] within-guidelines range sentence is more likely to be reasonable than one that lies outside the advisory guidelines range . . . ."); *Rita*, slip op. at 11 (when a sentencing court imposes a within-Guidelines sentence "it is probable that the sentence is reasonable"). It follows that sentences *below* the applicable Guidelines range are unlikely to be unreasonably *high*. Defendants have presented

6

nothing to convince us that these probabilities do not hold true in their cases.

Accordingly, we affirm the sentences imposed by District Court.