**UNITED STATES of America,
Plaintiff,**

v.

**John Robert STARCEVICH, Defendant.**

**No. CR 08–16–BU–DWM.**

United States District Court,
D. Montana,
Butte Division.

July 30, 2009.

Marcia Hurd, U.S. Attorneys Office, Billings, MT, Cyndee L. Peterson, U.S. Attorney's Office, Missoula, MT, for Plaintiff.

## ORDER

DONALD W. MOLLOY, District Judge.

The parties disagree regarding Paragraph 13 on page 5 of the Pre–Sentence Report ("PSR") and whether the cross reference in U.S.S.G. § 2G3.1(c)(1) should apply, requiring the Court to turn to § 2G2.2 to calculate the guideline range. The government agrees with the final PSR that the cross-reference applies, and the Defendant argues it is inapplicable.

Section 2G3.1(c)(1) states that the district court should look to § 2G2.2 or § 2G2.4 "[i]f the offense involved ... receiving ... material involving the sexual exploitation of a minor[.]" Section 2G2.4 has been deleted from the guidelines, but it is necessary to examine § 2G2.4's origin to begin the analysis as to whether the cross-reference should apply in this case.

Section 2G2.2 came into being in 1987, four years before the addition of § 2G2.4. Amendment 372 to the guidelines explains the reason for the inclusion of § 2G2.4, and shows that the Sentencing Commission at the time viewed § 2G2.2 as applying only in cases involving trafficking or intent to traffic in child pornography images:

> This amendment inserts an additional guideline at § 2G2.4 to address offenses involving receipt or possession of materials depicting a minor engaged in sexually explicit conduct, *as distinguished from offenses involving trafficking in such material, which continue to be covered under § 2G2.2.*

U.S.S.G.App. C. Amend. 372 (2003) (emphasis added).

The Eleventh Circuit relied upon the language of Amendment 372 to conclude that when § 2G3.1(c)(1)'s cross-reference applies, the appropriate guideline to be consulted in cases that do not involve trafficking or intent to traffic is § 2G2.4, while § 2G2.2 should apply in cases that do deal with trafficking or intent to traffic.[1] *See*

---

[1] There is universal agreement that images of child pornography constitute "material involving the sexual exploitation of a minor" sufficient to trigger the cross-reference in § 2G3.1(c)(1). *See United States v. Sromalski,* 318 F.3d 748 (7th Cir.2003); *United States v. Dodds,* 347 F.3d 893 (11th Cir.2003) (applying the cross-reference for a defendant sentenced pursuant to 18 U.S.C. § 1462 [obscenity]); *United States v. Kussmaul,* 987 F.2d 345, 352 n. 7 (6th Cir.1993) (rejecting a challenge to the application of the cross-reference in an obscenity case based on the argument that the elements of the offense of conviction do not directly involve sexual exploitation of a minor).

*United States v. Dodds,* 347 F.3d 893, 902 (11th Cir.2003) (holding that the government must prove that the defendant received child pornography with the intent to traffic for § 2G2.2 to apply through § 2G3.1(c)(1)'s cross-reference). There are no Ninth Circuit cases addressing § 2G3.1(c)(1).

Given the language of Amendment 372 and the reasoning of the *Dodds* case, it would appear that the cross-reference to § 2G2.2 here is inappropriate because there is no evidence of trafficking, and the proper cross-reference should be to § 2G2.4. The deletion of § 2G2.4, which occurred after the *Dodds* case, would seem to complicate the matter further, because the Court no longer has the option relying on that guideline. However, the amendment accompanying the deletion of § 2G2.4 clears away the confusion, and shows that the proper cross-reference is now to § 2G2.2. In Amendment 664 the Sentencing Commission explained that § 2G2.4 was folded into § 2G2.2:

> First, the amendment consolidates §§ 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic), and 2G2.4 (Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct), into one guideline, § 2G2.2 (Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic; Possession of Materials Depicting a Minor Engaged in Sexually Explicit Conduct). Consolidation addresses concerns raised by judges, probation officers, prosecutors, and defense

attorneys regarding difficulties in determining the appropriate guideline (§ 2G2.2 or § 2G2.4) for cases involving conviction of 18 U.S.C. § 2252 or § 2252A. Furthermore, as a result of amendments directed by the PROTECT Act, these guidelines have number similar specific offense characteristics.

U.S.S.G. Supp. to App. C. Amend. 664 (2008).

■ Following Amendment 664, § 2G2.2 is no longer confined to cases involving evidence of trafficking or intent to traffic, but rather applies to all cases involving sexual exploitation of a minor, including the simple possession and receipt cases that were once addressed by the separate § 2G2.4. Accordingly, if Starcevich's offense involved possession of materials involving sexual exploitation of a minor, § 2G2.2 applies in this case through the cross-reference of § 2G3.1(c)(1).

■ The parties also disagree whether the record contains sufficient evidence to demonstrate that Starcevich actually received obscene materials involving the sexual exploitation of a minor, such that the cross-reference would apply. The parties' disagreement is based on the Ninth Circuit's analysis in *U.S. v. Kuchinski,* 469 F.3d 853 (9th Cir.2006) and *U.S. v. Romm,* 455 F.3d 990 (9th Cir.2006). Because of the substantial increase in Starcevich's Guidelines range if § 2G2.2 applies, the United States must prove by clear and convincing evidence that the cross-reference is appropriate. *U.S. v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

*Romm* involved a defendant found to have child pornography on his laptop computer during a border search. The *Romm* analysis begins with the general proposition that, "[i]n the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion

and control over it." 455 F.3d at 998. The panel explained that a defendant does not possess the images in his Internet cache unless the defendant "know[s] that the unlawful images are stored on a disk or other tangible material in his possession." *Id.* at 1000.[2] The Court in *Romm*, mindful that images could possibly be copied to a cache without the user's knowledge, looked to see if there were facts showing that the defendant had knowledge of and control over the stored images.

In deciding that there was sufficient evidence to conclude that the defendant possessed the images in his Internet cache, *Romm* focused on statements the defendant make to law enforcement about his viewing habits. The defendant told agents that he sought out child pornography, that he "sav[ed]" or "download[ed]" the images for "about five minutes" before deleting them, and that he masturbated while viewing the images or shortly thereafter. *Id.* at 1000.

*Romm* was soon followed by *Kuchinski*, 469 F.3d 853. The defendant in *Kuchinski* pled guilty to possession of child pornography and was convicted at a bench trial on receipt of child pornography. His computer contained 110 images that had been downloaded and for which he did not dispute possession. The computer's Internet cache held over 13,000 additional images, which the defendant argued were not attributable to him for purposes of the guideline calculation because mere presence in the cache was not sufficient to show that he possessed or received them. The defendant claimed total ignorance of the Internet cache, and the Court found nothing in the record to refute his contention. The panel distinguished the case from *Romm* based on the absence of evidence that the defendant had downloaded the cached images or was a sophisticated user who knew of their existence. 469 F.3d at 862–63.

■ Under *Romm* and *Kuchinski*, the government must present facts showing that the defendant, at a minimum, knows that the unlawful images are stored on a disk or other tangible material in his possession. Merely having images stored in the Internet cache, without more, is not sufficient to show possession or receipt. *Kuchinski*, 469 F.3d at 863. The *Romm* opinion suggests several relevant factors in such an inquiry, including whether the defendant has knowledge of his browser's caching function; whether the defendant has access to the cache; whether the defendant sought out child pornography using targeted search terms, as opposed to encountering an unwanted or unsolicited "pop-up;" whether the defendant manually enlarged thumbnail images for better viewing; and whether the defendant exercised control over the cache by deleting images stored there. The facts that bear on the *Romm/Kuchinski* analysis will typically be drawn from two sources: forensic examination of the computer and statements by the defendant to law enforcement.

■ In this case, the forensic analysis of Starcevich's computer, as summarized in the PSR, does little to establish receipt of the images for purposes of the sentencing

---

**2.** Although the quoted portions of the *Romm* analysis speak in terms of possession, the opinion makes clear that the same analysis applies to charges of receiving contraband images:

> Since Romm knowingly possessed the files in his cache, it follows that he also knowingly received them.... Generally, federal statutes criminalizing the receipt of contraband require a "knowing acceptance or taking of possession" of the prohibited item.... [W]e have applied this principle to 18 U.S.C. § 2252's prohibitions on receiving and possessing child pornography.

455 F.3d at 1001–02 (citations omitted).

guidelines. Paragraph 8 of the PSR states that "all images were either cached or could have been cached," which taken alone is insufficient to show receipt under *Kuchinski*. The summary of the forensic exam lacks definitive results on most of the relevant questions, i.e., whether Starcevich had accessed the cache, whether he had manually deleted files or instructed his browser to do so, and whether he enlarged thumbnails. There is no discussion of saving or downloading images. There is a reference to forensic detection of the use of targeted search terms, which is one factor tending to show receipt, but likely not sufficient by itself.

As in *Romm*, Starcevich's statements to law enforcement provide the necessary proof of receipt. The FBI report indicates that Starcevich "admitted that he used the computer to search for teen pornography." PSR, ¶ 8. Starcevich stated that he "realized that using the teen search terms resulted in videos and images of teens under the age of 18 years old." *Id.* Notably, the report states that "Starcevich sometimes saved the teen pornographic images and video trailers to his computer in folder called 'my documents.'" *Id.* Starcevich's written confession, he confirmed that his use of the word "teen" refers to individuals under the age of 18 years. *Id.* He writes that when viewing teen sites he would "sometimes save the trailers to my documents." *Id.* Starcevich responded "yes" when asked whether he masturbated while viewing movies and images of individuals under the age of 18. *Id.* The evidence in the record shows that Starcevich unquestionably received the child pornography images because he saved them to his computer. Moreover, he searched for them using targeted terms. Under *Romm* and *Kuchinski*, his statements are sufficient to show, by clear and convincing evidence, that he received images involving sexual exploitation of minors. Accordingly,

IT IS HEREBY ORDERED that the cross-reference in U.S.S.G. § 2G3.1(c)(1) applies here, and the Guidelines range is properly calculated under U.S.S.G. § 2G2.2 because the United States has proven that Starcevich received images that involved the sexual exploitation of minors.