**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

REFUGIO MARIZCALES
DELGADILLO, a/k/a Cuco,
a/k/a Don Cuco,

    Defendant-Appellant.

No. 13-4006

(D.C. No. 2:01-CR-00250-TC-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.[**]

Way back in 2002, Defendant Refugio Marizcales Delgadillo pled guilty to

possession of "just under 500 grams" of cocaine with intent to distribute, in violation

of 21 U.S.C. § 841(a)(1). Using the 2001 version of the Guidelines Manual, the

district court determined that because the actual quantity of cocaine with which

Defendant was involved amounted to at least 15 but less than 50 kilograms,

---

[*] This order and judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Guideline § 2D1.1, the applicable guideline for a § 841(a)(1) offense, established a base offense level of 34.[1]  With enhancements, Defendant's total offense level amounted to 40.  Coupled with a criminal history category I, Defendant's sentencing guideline range was 292 to 365 months, or well beyond the statutory maximum of 240 months established by § 841(b)(1)(C).  Accordingly, the district court sentenced Defendant to 240 months' imprisonment.

A decade later, Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence.  Section 3582(c)(2) authorizes a district court to modify the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range the Sentencing Commission subsequently lowers.[2]  Defendant, appearing pro se, said Amendment 591 to the Guidelines subsequently lowered his sentencing range to far less than 240 months by precluding the court's use of relevant conduct, *i.e.*, any more than "just under 500 grams" of cocaine, to determine his base offense level.  That Amendment in relevant part instructs the district court

---

[1]  In his "Statement . . .  in Advance of Plea of Guilty," Defendant acknowledged that to ascertain his base offense level the Government was entitled to present evidence establishing his involvement with an amount of cocaine greater than 500 grams.  See Rec. vol. 2, at 14.  After the Government presented its evidence at sentencing, the district court found as a "very very conservative estimate" that Defendant's offense involved 15 kilograms of cocaine.  Rec. vol. 3, at 130.

[2]  "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).

to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense, referenced in the Statutory Index for the offense of conviction." The district court denied the motion and Defendant appealed. We affirm.

The portion of Amendment 591 on which Defendant hangs his hat clarifies how a district court is to select the guideline section applicable to a defendant's offense of conviction. In United States v. Hurley, 374 F.3d 38, 39–40 (1st Cir. 2004), the First Circuit explained that prior to the amendment, Guideline § 1B1.2(a) called for selecting the offense guideline "most applicable" to the offense of conviction; meanwhile, that section's commentary allowed a court to consider relevant conduct "even when such conduct does not constitute an element of the offense." Not surprisingly, some courts prior to Amendment 591 selected the applicable offense guideline "based on factors [*i.e.*, relevant conduct] other than the conduct charged in the offense of conviction." U.S.S.G. app. C vol. 2, at 30. Amendment 591, which became effective November 1, 2000, rejected this view.

> Amendment 591 requires that the initial selection of the offense guideline be based *only* on the statute or offense of conviction rather than on judicial findings of actual conduct not made by a jury. . . . In short, Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, *but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline*.

United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005) (emphasis added).

The simplest way to dispose of Defendant's appeal is to point out that Amendment 591 became effective November 1, 2000. Thus, the amendment was in

3

effect at the time of Defendant's sentencing and incorporated into the 2001 version of the Guidelines Manual the district court properly relied on to calculate his guideline range. See U.S.S.G. § 1B1.11(a) (Absent an ex post facto violation, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."). Because § 3582(c)(2) under which Defendant seeks a reduction of sentence applies *only* where the Sentencing Commission *subsequent to sentencing* lowers the guideline range applicable to a defendant's case, that section has no application here and does not entitle Defendant to any relief.

And in any event, Amendment 591 did not, as Defendant suggests, alter the principle that a sentencing court must consider relevant conduct in calculating a defendant's offense level. The commentary to Guideline § 2D1.1, the guideline applicable to Defendant's § 841(a)(1) conviction, states that "quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 cmt. n.12. This is to say that *once* the court has selected the guideline section applicable to the offense of conviction, Amendment 591 does not restrict the use of relevant conduct to determine a defendant's offense level under that guideline section. As the Second Circuit explained in United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002):

> [Defendant] argues that Amendment 591 governs the selection of the base offense level within the [applicable] offense guideline . . . . This confuses two distinct steps taken to arrive at a guidelines sentence: [1] selection of the applicable *offense guideline*, and [2] selection of the *base offense level* within that applicable offense guideline. The plain

wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.

See also United States v. Thompson, 281 F.3d 1088, 1091 (10th Cir. 2002) ("[O]ffense levels under the applicable offense guideline are determined in part based upon specific offense characteristics, including relevant conduct.").

Accordingly, Defendant's motion to proceed on appeal without payment of fees and costs is granted and the decision of the district court denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3583(c)(2) is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge